JAMES S. COOPER, Respondent, v. JOHN W. Mc-
GREW et al., Appellants.

Complaint—Action on Undertaking in Replevin.—In an action brought
upon an undertaking in replevin, facts were alleged showing the com-
mencement of the action, the undertaking for the immediate delivery of
the property in controversy, its delivery, and the failure to prosecute the
action of replevin, or redeliver the property. The complaint then al-
leges, that by reason of the premises aforesaid, said undertaking has
become forfeited to this plaintiff, and an action has accrued to this plaint-
iff against the said defendants, jointly and severally, and he hath right
to demand and have from the said defendants, the said sum of one thou-
sand two hundred dollars. Held, That the facts so stated are sufficient
to constitute a cause of action.

Landlord and Tenant—Tenancy in Crop.—Where a landlord leases land
and reserves a part of the crop as rent, the tenant can not sell or dispose
of the part so reserved. The landlord and tenant are tenants in relation
to such crop.

Appeal from Polk County.

This is an action brought upon an undertaking in an ac-
tion of replevin, heretofore brought by the appellant Mc-
Grew against this respondent, for the recovery of certain
wheat and oats. The undertaking in the replevin action
was executed by McGrew, with Townsend and Logan as
sureties, and was for the immediate delivery of the property
sued for, which delivery was had. Thereafter the defend-
ant in the replevin, the respondent here, had a judgment of
nonsuit; but the grain, which was the subject of the contro-
versy, was never redelivered.

The additional facts are stated in the opinion.

R. S. Strahan and J. J. Daly, for appellants.

*Butler & Truitt, and Tilmon Ford,* for respondent.

By the Court, BOISE, J.:

It is claimed in this case, by the appellant, that the complaint of the plaintiff does not state facts sufficient to constitute a cause of action. The complaint, in setting out the proceedings in the replevin action, shows what property was taken in that action, and the termination of the action in favor of the defendant therein, who is the plaintiff in this action. This termination of the action to recover the property shows a breach of the undertaking which the plaintiff in this action alleges in terms. He then alleges that by reason of such forfeiture, and because the defendant still retains the possession of said property, or its value, and refuses to deliver to plaintiff either the property or its value, he is entitled to recover of the defendant the sum of one thousand two hundred dollars, which he says is justly due and owing to him, by reason of such forfeiture, etc.

This complaint is not perfect in form, but taken all together, it shows the plaintiff's cause of action, and is, we think, sufficient, for the facts are in it out of which the plaintiff's cause of action arises. The breach of the undertaking gives the plaintiff a cause of action for nominal damages, and as it appears what property was taken, and as the plaintiff claims that he is entitled to recover for such breach and taking and retaining of the property, one thousand two hundred dollars, the defendant is fully advised by the complaint, of the plaintiff's claim. (Bliss on Code, Pleading, 437; Morris on Replevin, 259.) It is also claimed that the circuit court erred in giving the instruction to the jury which is set out in the bill of exceptions. In the bill of exceptions it appears that the plaintiff, to support the issues on his part, introduced evidence tending to show that he had leased the premises upon which the wheat and oats grow, which are the subject of this controversy, to one John Chandler, and that by the contract between them, Cooper was to receive the amount of five hundred bushels of wheat for the land, to be taken out of the first wheat threshed on the premises, and also produced a certain bill

of sale of Chandler's interest in said wheat and oats, a copy of which is hereto attached marked exhibit "A," and made a part of this bill of exceptions, and hereupon plaintiff rested his cause.

The defendant, to support the issues, on his part introduced a mortgage on the said crop by said Chandler to said defendant, executed on the sixteenth day of May, 1878, a copy of which is hereto attached, marked exhibit "B," and made a part of the bill of exceptions; and also offered evidence tending to show that he had taken possession of the property described in said mortgage on or about the sixteenth day of August, 1878; and also the pleadings and proceedings in the action by the said John W. McGrew against the said J. S. Cooper, and the value of the property in dispute, and rested. After argument of counsel pro and con, the court, among other things, instructed the jury substantially as follows, to wit: "If the jury believe from the evidence that by the contract between Chandler and plaintiff, Cooper, in regard to the letting of the land, plaintiff was to receive five hundred bushels of wheat from the crop raised on the land, the first five hundred bushels threshed, for the use of the ground, or that Chandler was to have all the crop over and above the five hundred bushels to pay him for his work; the plaintiff's five hundred bushels to be left on the place and received there by him; then the plaintiff and Chandler were tenants in common, and neither could sell any more than his own interest in the crop, and Mc-Grew only took the interest of Chandler, what there might be over and above five hundred bushels, by his purchase or mortgage." To which instruction and charge the defendant, by his counsel, then and there excepted.

Exhibit " A " referred to, purports to convey and release unto the Coopers all the right, title, and interest which the said Chandler had in the premises and crops on the twenty-third day of August, 1878, and nothing more.

The issue left to the jury to which this instruction is directed, was whether or not Cooper had leased the land and reserved as rent therefor a part of the crop raised; if the jury found that the lease was on this condition as to rent,

we think that the lessor has a right to retain the rent which was on the land in his possession, and that it was not the subject of sale by the tenant. (See the case of *Moulton* v. *Robinson*, 7 Foster (27 N. H.) 550.) It is held that "it could never be the intention or consent of any judicious landlord, nor the wish of any honest tenant, that the farmer should have no security for his share of the profits but the honesty of his tenant; nor that the tenant should have it in his power to sell the entire crop, or subject it to the payment of his debts; when in equity and justice neither he nor his creditors have any claim to more than an undivided share of it.

The policy of the law is to give such effect to the contract of the parties as will carry out their intentions, whenever it can be done without hazard to the rights of others. And the landlord, having reserved a share of the crop, is as to that share a tenant in common with the tenant, and this is not inconsistent with the possession of the tenant in his capacity of cultivating the land and disposing of his share of the crop. The tenant can not sell or dispose of the share of the landlord, nor can such share be levied on for the debts of the tenant. It seems to us that this is a just rule to be applied in such cases, as the rights of the landlord and tenant are both secured, and the rights of third parties are not unjustly affected, for the creditors of the tenant should have no claim on the crop greater than the ownership of the tenant in it. (10 Pick. 205; 15 Barb. 599.)

We have disposed of the questions in this case, and find no substantial error, and the judgment of the circuit court will be affirmed.