## CASTLE SUTHERLAND v. ALFRED R. CARTER.

*Statute of frauds—Promise to pay another's debt.*

A. let B. take a yoke of oxen to use in clearing land for A.'s wife, and with the understanding that B. should own the oxen when he had done $100 worth of clearing. *Held,* that this arrangement was not void under the statute of frauds.

Error to Saginaw. (Gage, J.) Oct. 26.—Dec. 20.

REPLEVIN. Defendant brings error. Reversed.

*F. Brucker* and *Trask, Grout & Smith* for appellant. The statute of frauds has no application to a contract that has been performed : *Det. Hills. & Ind. R. R. v. Forbes* 30 Mich. 176 ; *Sovereign v. Ortmann* 47 Mich. 181 ; a promise to pay for work or materials furnished to a third person is original and not collateral : *Brown v. George* 17 N. H. 128; *Weyand v. Crichfield* 3 Grant 113.

*Lawson C. Holden* and *William R. Kendrick* for appellee, cited as to the application of the statute of frauds : *Bresler v. Pendell* 12 Mich. 224 ; *Corkins v. Collins* 16 Mich. 478 ; *Waldo v. Simonson* 18 Mich. 345 ; *Welch v. Marvin* 36 Mich. 59 ; *Baker v. Ingersoll* 39 Mich. 158 ; *Pratt v. Bates* 40 Mich. 37 ; *Gower v. Stuart* 40 Mich. 747 ; *Preston v. Young* 46 Mich. 103 ; *Mallory v. Gillett* 21 N. Y. 421 ; *Farley v. Cleveland* 4 Cow. 432: 9 Cow. 639 ; *Stewart v. Campbell* 58 Me. 439 ; *Putney v. Farnham* 27 Wis. 187.

CAMPBELL, J. Plaintiff brought replevin for a yoke of cattle which defendant held under an arrangement for their purchase, which the court below held void under the Statute of Frauds. It is not necessary to go into all the facts, as the case was left to the jury under instructions upon defendant's hypothesis, and ruled against him.

Upon this view, which the testimony seems to bear out, defendant was engaged in doing work on the land of plaintiff's wife, and needed a yoke of oxen. Plaintiff let him have the cattle, on the understanding that defendant should own them as soon as he had done a sufficient amount of clearing to make up their value, fixed at $100. Defendant did the work and claimed to own the oxen.

We cannot see how the Statute of Frauds covers such a case. It could in no way concern defendant what reason plaintiff had for desiring to have his wife's land cleared, and he might fairly assume that plaintiff and his wife had arranged or would arrange the matter to suit themselves. The property having been delivered to defendant on that condition, became his as soon as it was performed. Mrs.

Sutherland was a stranger to the sale. The only parties to that transaction were plaintiff and defendant.

The defendant was entitled to the charge which he requested.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.