JOHN W. FINES v. TUCKER BOLIN.

36  621
s51  650
s60  444

FILED APRIL 11, 1893.   No. 5070.

1. **Chattel Mortgage Upon Growing Crops**: NOTICE: LIEN: PURCHASER OF GRAIN WHEN HARVESTED.  A mortgage upon growing corn is not constructive notice to a dealer in grain who, in good faith, in open market purchases such corn from the mortgagor after the same has been husked by the latter and placed in a pile or crib.  But the rule does not prevail where the person who assisted in husking the corn afterwards becomes the purchaser, while it is yet in the same pile or crib, and receives it there, having at the time actual knowledge that it is the same corn he helped harvest.  In such case the purchaser will take the corn subject to the lien of the mortgage.

2. **Joint Owners of Crop**: DEMAND FOR DIVISION: REPLEVIN. Where corn in a single pile or crib, owned by two tenants in common, is in the exclusive possession of one of such owners, but both being equally entitled to the possession thereof, the other joint owner, if his co-tenant refuses a division when properly demanded, may recover his portion of the grain by an action of replevin.

ERROR from the district court of Hall county.   Tried below before HARRISON, J.

*Thompson Bros.*, for plaintiff in error.

*Dryden & Main* and *W. A. Prince*, contra.

NORVAL, J.

The plaintiff in error was plaintiff in the court below. The action was to recover the possession of a quantity of corn undivided.   The property was taken by the sheriff under the replevin writ, and delivered to the plaintiff. Upon the trial the jury returned a verdict for the defendant, upon which judgment was entered.

It appears from the bill of exceptions that the plaintiff is the owner of a farm of 160 acres in Hall county, which

he leased for the season of 1889 to the defendant and one
Oscar Dewitt, jointly. By the term of the lease plaintiff
was to receive as rent two-fifths of all the crops and the
tenants were to have the remaining three-fifths thereof.
About fifty-five or sixty acres were planted to corn, and the
remainder of the land was put in oats. A few days after
the corn was planted, Dewitt gave the plaintiff a chattel
mortgage upon a threshing machine, and on his one-half
of the undivided three-fifths of said crop of corn, to secure
the payment of an indebtedness of $159.55 of Dewitt's to
the plaintiff, which mortgage was duly filed in the county
clerk's office on the day it was executed. There was testi-
mony introduced on the trial tending to show that the de-
fendant was present at the time the mortgage was taken,
and that he had actual knowledge of its contents. The de-
fendant, while admitting he was in the office of the notary
when the mortgage was drawn, denies positively that he
had any notice of what property was described therein.

It is undisputed that after the corn crop had been ma-
tured plaintiff's share was gathered by the tenants and de-
livered to him. The other three-fifths of the corn, amount-
ing to about 1,900 bushels, was husked by Bolin and Dewitt,
and piled upon the ground in a single heap; but there was
never any division made of the corn belonging to the ten-
ants. Bolin had also placed in the same pile 250 bushels
of corn owned by him, which was raised on lands belong-
ing to one Robbins.

On the 16th day of December, 1889, Dewitt sold his
interest in the corn and some millet hay to the defendant,
and executed a bill of sale for the same. Subsequently
Bolin refused to deliver to plaintiff any portion of the corn
covered by said chattel mortgage, and this action was in-
stituted, plaintiff obtaining under the writ 1,051 bushels
of said corn.

Objection is made to the 5th, 6th, and 7th paragraphs of
the court's charge to the jury, which are as follows:

"5. The jury are instructed that the filing of a chattel mortgage upon personal property in the office of the clerk of the county where the mortgagor resides, is notice to all parties that there is such mortgage, and persons who buy the same take such property subject to such mortgage. You are instructed that the above is the general rule of law, and you are further instructed that if a mortgage is given upon a growing crop of grain, which is afterwards husked or harvested and placed in piles or cribs, that the filing of the mortgage in the office of the county clerk will not be constructive notice of such mortgage; and third, parties who purchased it after it is husked and placed in the piles or crib without actual notice of such mortgage will take it free from the lien of such mortgage.

"6. You are instructed that if you believe from the evidence in this case that Oscar Dewitt gave the plaintiff a chattel mortgage upon his share of certain corn when growing in the field, and that defendant and Dewitt raised said corn together, and after the giving of said mortgage husked the corn and piled it on the premises occupied by defendant without objection on the part of the plaintiff, and that subsequently defendant, in good faith and without actual notice of the mortgage of the plaintiff, purchased of Oscar Dewitt his share or portion of said corn, then you will find for defendant, even though you also find that plaintiff's mortgage was duly filed in the office of the county clerk of Hall county, Nebraska.

"7. If you believe from the evidence that Oscar Dewitt gave the plaintiff John F. Fines a mortgage upon the corn in controversy while growing in the field, that the same afterwards was husked and placed on the land of defendant, or in his possession, that defendant after the giving of said mortgage by Dewitt to plaintiff purchased the corn of Dewitt, and at the time he purchased it had actual knowledge, or notice, or knew that the plaintiff had a mortgage upon the corn, then your verdict will be for plaintiff, and

you will assess his damages, which, in this case, will be nominal."

This court in *Gillilan v. Kendall*, 26 Neb., 82, held that a chattel mortgage upon growing corn is not constructive notice to third parties of the mortgage upon the corn after it has been husked and placed in piles or cribs, and that where one, in good faith in open market, purchases such corn from the mortgagor without actual notice of the existence of the mortgage, will take it free from the lien of the mortgage. The case before us, in the facts, is clearly distinguishable from *Gillilan v. Kendall, supra.* In the case cited the corn was purchased by Kendall & Smith at their place of business, in good faith and in open market, and they had no knowledge of the existence of the mortgage upon the corn, except such constructive notice as the proper filing of the mortgage gave them. In the case at bar Bolin was not an innocent purchaser for value in the open market. He took the corn in payment of a pre-existing debt. He had helped to gather the corn and place the same in a pile. The filing of the mortgage was constructive notice to him of the lien of the mortgage while the corn was standing in the field, and the defendant having assisted in husking the corn, such filing of the mortgage was sufficient notice to him of the existence of the mortgage upon the same corn after it was harvested and while it was in the pile. The court failed to submit to the jury this view of the case, and the instructions were therefore erroneous.

But it is contended that the judgment should not be reversed for the errors in the charge to the jury for the reason that the verdict is the only one that could have been properly returned under the evidence. Stated differently, that the plaintiff cannot maintain replevin for an undivided interest in the corn. Doubtless, to recover personal property under a writ of replevin, the plaintiff must establish that he is entitled to the immediate possession of

the property, and that the same is wrongfully detained by the defendant. In this case the point is made that as the mortgage was given by Dewitt upon a growing crop of corn owned by the mortgagor and the defendant jointly, and as the uncontradicted testimony shows that there has never been any actual division of the corn, the defendant's possession was not wrongful, and that replevin cannot be resorted to as a means of partitioning property held in common. It is well settled by the authorities that the owner of an undivided interest in a chattel cannot maintain an action against a co-tenant to acquire its possession, for the reason that all joint owners, unless there is an agreement to the contrary, are equally entitled to the possession thereof, and neither has the right to the immediate and exclusive possession of the same as against the others. The doctrine above stated, that one joint tenant cannot sustain replevin against his co-tenant, applies more particularly to a single piece of property, or to things in their nature so far indivisible that the share of one is not susceptible of delivery without the whole. But it should not obtain in a case like this, where the property is absolutely alike in quality and value, and is readily divisible by measurement or weight, such as corn in the crib or pile. When a person is entitled to half of one hundred bushels of corn in a mass, he has a right to fifty bushels in severalty, and if his co-tenant refuse a division, when properly demanded, he may recover his portion of the grain by replevin. (Wells, Replevin, sec. 205; *Sutherland v. Carter*, 52 Mich., 151; *Kaufman v. Schilling*, 58 Mo., 219; *Wattles v. Dubois*, 34 N. W. Rep. [Mich.], 672; *Grimes v. Cannell*, 23 Neb., 187; *Ellingboe v. Brakken*, 36 Minn., 156.)

In the case at bar the defendant declined to give up any portion of the corn, and denied that plaintiff had any interest therein, but repudiated the co-tenancy and claimed to own the property in entirety. By such refusal to recognize the rights of the plaintiff the defendant ought to be pre-

43

cluded from now raising the point that there had never been any division of the crop, or that he held possession thereof as tenant in common.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.