JOHN B. CORNETT, Appellant, v. H. O. HALL, Respondent.

Kansas City Court of Appeals, November 23, 1903.

1. REPLEVIN: Tenants-in-Common: Division of Property.  Ordinarily one tenant-in-common can not maintain replevin against his co-tenant.  But where one repudiates the other's interest in property susceptible of division that other may bring replevin for his share.

2. TENANTS-IN-COMMON: Division of Property.  Where one tenant-in-common divides the property and the other tenant acquiesces and sues for his half of the property so divided, the former is not injured.

3. ———: Purchase of Property: Loan of Money.  H. brought certain property of S. and in part payment used C.'s check.  *Held*, if it appear that this check was an ordinary loan of money, C. had no interest in the property, but if it was part payment for such interest then C. would have a right to an adjustment in the judgment for such sum so advanced.

Appeal from Henry Circuit Court.—*Hon. W. W. Graves,* Judge.

REVERSED AND REMANDED.

*C. C. Dickinson* for appellant.

*Campbell & Duckworth* for respondent.

(1)    This at most is but an executory agreement to sell. Where there is only an agreement to sell and the sale is not executed, an action for the possession can not be maintained, the proper remedy would be an action for damages. Boutelle v. Warne, 62 Mo. 350. (2) As a complainant must be entitled to the immediate and exclusive possession of the property claimed, one joint owner of personal property can not maintain replevin against his co-owner. Cross v. Hulett, 53 Mo. 397; Lisinby v. Phelps, 71 Mo. 522; Pulliam v. Burlingame, 81 Mo. 111; Spooner v. Ross, 24 Mo. App. 435; Kelly v. Vandiver, 75 Mo. App. 435; Ingalls v. Ferguson, 138 Mo. 358; Deyede v. Hunt, 50 Mo. App. 541; Ingalls v. Ferguson, 59 Mo. App. 299.

ELLISON, J.—This is an action of replevin for eight head of cattle. The trial court gave a peremptory instruction in favor of the defendant and plaintiff appealed. In view of the court giving a peremptory instruction for defendant, it will only be necessary to state the material points which the evidence in behalf of plaintiff tended to show, regardless of any dispute thereof by defendant.

It appears that plaintiff, either by joint purchase with defendant of one Stevens, or by purchase from defendant just after the latter became the purchaser from Stevens, became the owner of the undivided half of sixteen head of cattle, defendant retaining the other half; the manual holding being left with defendant. The

cattle were to be divided equally but defendant without plaintiff's knowledge or consent repudiated plaintiff's ownership and divided them in two divisions of eight each and sold one of the divisions to his brother. Plaintiff thereupon brought this action of replevin for the eight head retained by defendant.

We regard the action as well brought and that the case as made by plaintiff should have been submitted to the jury. It is well understood that ordinarily one tenant in common can not maintain replevin against his co-tenant. But where one of them repudiates the interest of the other in property, which is susceptible of division, that other may bring replevin for his share. Cobbey on Replevin, secs. 236, 238; 17 Am. and Eng. Ency. of Law (2 Ed.), 700-702. In this case the whole evidence shows that the cattle could be equally divided and that defendant did divide them and sold one-half.

As already stated, there was evidence tending to show that the cattle were to be divided between the parties. They were not divided as agreed. But this failure was due to an act of the defendant of which he can not take advantage. If plaintiff chooses to acquiesce in the division as made, he merely accepts defendant's act and the latter is not injured.

From the face of the record now presented it may be that on retrial the case may present an issue which may as well be referred to now. It seems that when defendant paid Stevens for the cattle, he used a check which he got of plaintiff for $46. If it should appear that this was merely an ordinary loan of money, plaintiff could not assert an interest in the cattle therefor, much less have it adjusted in an action of replevin. But if this was a part payment for an interest in the cattle, such interest, for any reason, never having passed to plaintiff, yet plaintiff would have a right to an adjustment in the judgment of such sum so advanced. Hickman v. Dill, 32 Mo. App. 509. It is of course impossible to state at this time what may develop in

another trial.   It is however not clear how the issue just suggested can arise.   For the case, as the evidence in plaintiff's behalf tended to show, made him the owner of one-half the cattle, and that he had paid $46 of the purchase money.   We do not see wherein a point made in defendant's brief, that:   "This (case) at most is but an executory agreement to sell," is applicable to the case made by plaintiff.   If plaintiff's view of the case is to be accepted (and we must accept it at this stage) he became the owner of the undivided half of the cattle; and defendant, having repudiated his ownership, divided the cattle and sold them, left plaintiff with a right to the remaining half.

The judgment is reversed and the cause remanded. All concur.