session at that time—that is, when the findings were rendered. In the case of *Hammer* v. *Downing,* 41 Or. 234 (66 Pac. 916), the disputable presumption that a thing once proved to exist continues as long as is usual with things of that nature* was invoked in aid of the finding that the defendant still had in his possession a sum of money that he was shown to have had three months previous, and it was held to be unavailable. If unavailing there, how much less would be its utility in support of the finding here; so that, had there been a final order following the findings—that is, a judgment or order based thereon—it would not have supported the proceeding for contempt, and such is the doctrine of *Hammer* v. *Downing.*

Based on these considerations, the judgment of the circuit court will be reversed, and the cause remanded with directions to dismiss the proceeding and discharge the defendant.

REVERSED.

---

*B. & C. Comp. § 788, subd. 33.

Argued 24 January, decided 27 March, 1905.
SCHWARZ v. LEE GON.
80 Pac. 110.

BIAS OF JUROR.
1. In an action by a hop merchant against a farmer, a juror who stated that he did not know either of the parties and knew nothing about the case; that it would be hard to say whether in such a litigation he had any sympathy for one as against the other, but that he guessed he was in sympathy with the farmer, because he had had more dealings with farmers; but was quite certain that his verdict would depend on the evidence, is not subject to challenge for actual bias.

PAROL EVIDENCE TO VARY WRITTEN CONTRACT.
2. The rule against varying the terms of a writing by parol evidence is not applicable where the existence of the memorandum is denied, and the evidence is offered to explain what the writing really is.

REPLEVIN FOR UNDIVIDED INTEREST IN A MASS.*
3. Replevin will not lie for an undivided part of a mass of uneven quality, as, for an interest in a number of bales of hops varying in weight and grade.

From Marion:  GEORGE H. BURNETT, Judge.

Action by Moritz Schwarz and others, partners, against Lee Gon and another, in which defendants had a judgment, from which plaintiffs appeal.                    AFFIRMED.

---

*NOTE.—See 60 Cent. Law Jour. 4, for an article, The Sale of Part of a Mass.                                                   REPORTER.

For appellants there was a brief over the name of *Carson, Adams & Cannon,* with an oral argument by *Mr. A. M. Cannon.*

For respondents there was a brief and an oral argument by *Mr. Grant Corby* and *Mr. George G. Bingham.*

MR. JUSTICE BEAN delivered the opinion of the court.

This is an action to recover possession of 86 bales of hops. The defendants had a verdict and judgment in the court below, and the plaintiffs appeal, assigning as error the overruling of their challenge for cause to the juror Graber, the admission of testimony, in the giving and refusal of certain instructions.

1. The juror Graber testified, in substance, on his voir dire, that he did not know either of the parties to the litigation, knew nothing about the case, and had no opinion as to the merits; that he did not know where his sympathies would be as between a hop merchant and a farmer; that it was pretty hard to say whether he had any sympathy for one as against the other; that he had never had anything to do with hops, but had dealt with farmers a good deal; that he could not say whether in a litigation between a hop merchant and a farmer he would have any sympathy for one or the other, but that he guessed that he was in sympathy with the farmer; that he had no prejudice in favor of one or the other; that he would favor the farmer more than the hop merchant because he had had more dealings with farmers, but that his feelings would not in any way affect his verdict on the trial; that he did not know exactly why he should state that he would favor the farmer more than the hop merchant; and that the fact that one of the litigants was a hop merchant and the other a farmer would not in any way affect his verdict, which would depend alone on the evidence. Although the juror did not express himself with absolute clearness, it is apparent that he had no actual bias against the plaintiffs. It appears that he knew nothing about the facts in dispute, did not know either of the parties, had no opinion as to the merits, and that the fact that one was a farmer and the other a hop merchant would not in any way affect his verdict, although he was friendly disposed towards farmers, because he had had more dealings with them than with hop merchants. Under these facts it was not

error to overrule the challenge for cause. This court has so often had occasion to examine the question of the competency of jurors and the rule which should apply in such cases, and the decisions are so full on the subject, that it is unnecessary to do more at this time than refer to them. See *State* v. *McDaniel,* 39 Or. 161, 168 (65 Pac. 520), where the authorities are collated.

2. Both parties claim title to the hops in controversy from the same source. The plaintiffs' evidence tended to show that on December 2, 1903, their agent, Harris, contracted to purchase the hops of a Chinaman named Lee Gon, who executed and delivered to Harris at the time a written memorandum stating, in substance, that in consideration of one dollar, the receipt of which was acknowledged, he sold to the plaintiffs 129 bales of hops, to be delivered free on board the cars at Hubbard, subject to inspection and acceptance; that the bales were to be in good merchantable order, weighing from 185 to 205 pounds each, and the purchase was made severable as to bales, the plaintiffs to inspect and receive the hops within 10 days from date; that upon the execution of the memorandum Harris offered Lee Gon a dollar as mentioned therein, but he declined to accept it, saying that he did not need the money, but demanded that Harris should return on the next day, and inspect and accept the hops; that a Chinaman named Ah Chop was present at the time the written memorandum was signed, and was requested by Harris to sign it, but declined to do so, saying that Lee Gon's signature was sufficient; that on the following day Harris returned to the place where the hops were stored, inspected and branded them, and they were delivered to him by Ah Chop; that Lee Gon was not present at the time of the inspection and delivery; that Harris was ready at that time to pay for the hops, and subsequently made a tender of the amount due thereon.

For the defendants, the evidence tended to show that Lee Gon and Ah Chop were each the owner of an undivided interest in the hops in controversy; that the written memorandum relied on by plaintiffs was signed by Lee Gon during negotiations between himself and Harris for the purchase and sale of the hops;

that it was understood, as a part of these negotiations, that Harris should pay $200 down, and the written memorandum was signed with that understanding; that, when Harris offered Lee Gon but one dollar, he refused to accept it, declared the negotiation off, and refused to deal with or sell the hops to him, but told him he would sell them to another, which he subsequently did.

Objection was made by the plaintiffs to the admission of all oral testimony concerning the $200 and the negotiations between Lee Gon and Harris prior to the signing of the written memorandum, on the ground that it tended to vary or contradict a written contract. The rule is unquestioned that parol evidence is not admissible to vary or contradict a writing, but such rule was not violated in this case. The defendants denied that the written memorandum introduced by the plaintiffs was ever executed or delivered by Lee Gon to take effect as a contract, but that it was signed by him during and as a part of negotiations between him and Harris for the sale of the hops, which negotiations were never consummated. The evidence offered and admitted was for the purpose of supporting this contention, and was competent.

The plaintiffs requested the court to give some 15 separate instructions, all of which were refused in the form requested, except No. 9. It is unnecessary for us to notice these instructions in detail. It is sufficient that we have examined them, and are satisfied that no error was committed in refusing to give them as requested.

3. Several exceptions were reserved to the charge of the court, but the only one urged at the argument was to the instruction that if the hops in controversy belonged to Lee Gon and Ah Chop in undivided parts, and the plaintiffs had succeeded to the title or interest of Lee Gon alone, they could not recover in this action. The general rule is undisputed that replevin will not lie for the recovery of an undivided part of personal property: *Guille* v. *Wong Fook,* 13 Or. 577 (11 Pac. 277) ; *Phipps* v. *Taylor,* 15 Or. 484, 488 (16 Pac. 171) ; *Sharp* v. *Johnson,* 38 Or. 246 (63 Pac. 485, 84 Am. St. Rep. 788). An exception is made, however, by some authorities where the property sought to be replevied con-

sists of a part of a larger mass of the same nature and quality, which can be easily divided into aliquot parts, such as cereal grains and the like: 2 Cobbey, Replevin (2 ed.), § 400. But this rule can have no application to an action, like the case at bar, to recover an undivided interest in a certain number of bales of hops, which, as the evidence shows, not only vary in weight, but are not necessarily of uniform quality or grade. The written memorandum offered by the plaintiffs states that the hops were in bales weighing from 185 to 205 pounds each, and that the purchase was made severable as to bales, thus plainly implying that the hops might not be of the same grade or quality. The plaintiffs' interest, therefore, if less than the entire amount, could not be separated from that of their co-tenant without injury or loss to one party or the other, and replevin will not lie. The judgment is affirmed.      AFFIRMED.