Submitted on briefs July 17, affirmed July 31, 1917.

## HALSEY *v.* SIMMONS.*

(166 Pac. 944.)

**Landlord and Tenant—Crop Lease—Rights of Parties.**

1.   Where the land owner leases the land on a crop share rental,, he and the lessee are tenants in common after the crop is harvested, and such relationship is not necessarily inconsistent with the relation of landlord and tenant.

[As to relation between owner of premises and person working land for share of crops, see note in Ann. Cas. 1914B, 148.]

*On replevin for undivided interest in personal property, see note in 37 L. R. A. (N. S.) 267.                                   REPORTER.

Replevin—Right to Writ.

2.  Though, as a general rule, replevin cannot be maintained to recover an undivided interest in a specified article of personalty, it will lie to recover an undivided interest in a specified article of personalty if the property sought to be recovered is part of a larger mass of the same nature and quality.

Tenancy in Common—Right to Replevy Property.

3.  As a general rule, one tenant in common of personalty cannot ordinarily maintain replevin against a co-owner, since he must have the right of exclusive possession, but where one co-owner of personalty susceptible of division repudiates the interest of the other and takes possession of the property and converts it to his own use, the other may maintain replevin.

In Banc.   Statement by MR. JUSTICE HARRIS.

J. D. Halsey brought this action to replevy an undivided one third of a crop of wheat grown and threshed on land which Halsey had verbally leased to J. D. Simmons for the year 1916.

Simmons threshed and sacked the wheat, but by reason of the threshing-machine having been moved from place to place the sacks were placed in three piles on the land.   Halsey claimed that Simmons agreed to deliver ''at the machine,'' as rent, one third of all wheat grown and threshed on the land during 1916.   Simmons denied that he had agreed to deliver a share of the crop in payment of rent and contended that he had agreed to pay $200 cash rent; and he tendered this amount to Halsey who refused to accept it.   Halsey then brought this action to recover his alleged share of the wheat grown and threshed on the land.   A writ of replevin was placed in the hands of the sheriff who executed it by taking possession of the three piles of grain, one pile containing 227 sacks, one 228 sacks and another 400 sacks, aggregating 855 sacks.   A trial by jury resulted in a verdict awarding to plaintiff 617½ bushels of wheat or its value $708.37, if delivery of the wheat could not be had, and the defendants J. D. Sim-

mons and Ed Simmons appealed from the consequent judgment.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

AFFIRMED.

For appellant there was a brief over the names of *Mr. J. A. Burleigh* and *Mr. A. W. Schaupp.*

For respondent there was a brief over the names of *Mr. A. B. Conaway* and *Mr. A. Fairchild.*

MR. JUSTICE HARRIS delivered the opinion of the court.

We must assume from the verdict that the jury found from the conflicting evidence that Simmons had agreed to deliver one third of the grain as rent. The assignments of error are numerous and arise out of the refusal of the court to direct a verdict for the defendants, the refusal to give certain requested instructions and the giving of other instructions. The principal assignments of error may be grouped into two classes since the defendants contend that they were entitled to a judgment (1) Because the lease created the relation of landlord and tenant and therefore the title to the wheat and right of possession was in the tenant until an actual segregation of the wheat; and (2) an undivided interest in property cannot be replevied.

1. J. D. Simmons argues that the lease created the relation of landlord and tenant; that as tenant he had title to the wheat in its entirety and had the right to the exclusive possession of all the grain until he himself segregated and set apart any portion that might be due Halsey; and that since the grain had not been segregated, Halsey could not maintain replevin because this

form of action cannot be maintained unless the plaintiff
has a right of possession. Halsey contends that as to
the crop he was a tenant in common and hence had an
interest in the grain with an accompanying right of
possession. There is a hopeless and irreconcilable
conflict among the authorities in other jurisdictions
relative to situations like the one here: 8 R. C. L. 373;
16 R. C. L. 583. It will not be necessary, however, to
attempt an analysis of the variant holdings in other
jurisdictions, for the question is settled in this state.
It is the law in Oregon that on the facts involved here
the lessor and lessee are tenants in common in the crop
when the rental is a share in the crop: *Cooper* v. *Mc-
Grew,* 8 Or. 327, 328, 331; *Messinger* v. *Union Ware-
house Co.,* 39 Or. 546, 549 (65 Pac. 808); *Abernethy* v.
*Uhlman,* 52 Or. 359, 364, 368 (93 Pac. 936, 97 Pac. 540).
Halsey, therefore, had an interest as tenant in common
in the crop; and it may be added that the relationship
as tenants in common as to the wheat was not neces-
sarily inconsistent with the relation of landlord and
tenant as to the land: 24 Cyc. 1471; 16 R. C. L. 61.

2. It is next argued that replevin will not lie to recover
an undivided interest in personal property. The gen-
eral rule, accepted here as elsewhere, is that replevin
cannot be maintained to recover an undivided interest
in a specified article of personal property: *Guille* v.
*Fook,* 13 Or. 577, 586 (11 Pac. 277); *Phipps* v. *Taylor,*
15 Or. 484, 488 (16 Pac. 171); *Huffman* v. *Knight,* 36
Or. 581, 584 (60 Pac. 207); *Sharp* v. *Johnson,* 38 Or.
246, 249 (63 Pac. 485, 84 Am. St. Rep. 788); *Schwarz*
v. *Lee Gon,* 46 Or. 219, 222 (80 Pac. 110). An excep-
tion, which is frequently recognized, may exist when
the property sought to be recovered is a part of a
larger mass of the same nature and quality, as for ex-
ample cereals, which can be easily divided into aliquot

parts: 34 Cyc. 1359; Cobbey on Replevin (2 ed.), § 400; *McDonald* v. *Bailey,* 25 Okl. 849 (107 Pac. 523, 37 L. R. A. (N. S.) 267); *Sutherland* v. *Carter,* 52 Mich. 151, 471 (17 N. W. 780, 18 N. W. 223).

3. Another general rule is that the claimant of personalty must have the right of exclusive possession and all co-owners must unite for the reason that neither has the right of exclusive possession; and, hence, one tenant in common cannot ordinarily maintain replevin against a co-owner: 34 Cyc. 1393; but to this general rule an exception also arises where one part owner of property which is susceptible of division repudiates the interest of another part owner, takes possession of the common property and converts it to his own use: 34 Cyc. 1394; Cobbey on Replevin (2 ed.), § 238; *Fines* v. *Bolin,* 36 Neb. 621 (54 N. W. 990); *Cornett* v. *Hall,* 103 Mo. App. 353 (77 S. W. 122); *Schwartz* v. *Skinner,* 47 Cal. 3.

The instant case is within the respective exceptions to the two general rules mentioned. Although one of the printed briefs makes some reference to frosted wheat, the transcript of the testimony does not disclose any evidence concerning the grade or quality of the wheat, except the testimony of T. H. Moorelock, a grain buyer, who said that the grain was "No. 1 forty-fold wheat." Simmons denied that Halsey had any interest in the wheat, and hence the latter as a tenant in common was entitled to maintain an action in replevin. All the persons who claim an interest in the wheat are parties to this action and therefore the instant litigation is to be differentiated from those cases where only one of two or more co-owners is alone attempting to recover from some third person.

Simmons also contends that on the authority of *Schwarz* v. *Lee Gon,* 46 Or. 219 (80 Pac. 110), the action must fail. That case is easily distinguished from this. There the plaintiff sought to recover 86 bales of hops. The bales varied in weight from 185 to 205 pounds and as said by the court: "The purchase was made severable as to bales, thus plainly implying that the hops might not be of the same grade or quality." There the indications were that the hops were not of the same grade or quality; here the wheat is of the same grade or quality; there the action was to recover a certain number of bales; here the action is to recover one third of the whole amount. The complaint says that Halsey is entitled to 1,000 bushels of wheat and the reply supplements the complaint with the explanation that the wheat demanded by the complaint is the rental claimed by Halsey. Whether the one third is determined by weight or by dry measure the share belonging to Halsey could have been easily ascertained, and the fact that the grain was in sacks did not make it more difficult to divide. If the sacks do not weigh the same, that circumstance would only prevent the parties from using the number of sacks as the sole basis of division.

Simmons insists that there was no evidence from which the jury could determine the amount of the wheat belonging to Halsey. The testimony of Moorelock to the effect that No. 1 forty-fold wheat "generally runs from two bushels to two and a quarter to the bag or one hundred and thirty to one hundred and thirty-five pounds" when supplemented by "testimony as to the number of bags of wheat and as to the weight of the bags, depending upon how the bags were filled and the condition of the wheat" was enough to justify the finding rendered in the verdict.

The substance of the requested instructions relating to the burden of proof was given in the general charge.

The rulings of the trial court conformed to the views expressed here; and the judgment is therefore affirmed.

AFFIRMED.