Argued June 17; reversed and remanded July 15, 1948

# BALLA *v.* IRELAND

196 P. (2d) 445

*William B. Murray,* of Portland, argued the cause for appellant. With him on the brief was Thomas R. Mahoney, of Portland.

*George A. Rhoten,* of Salem, argued the cause for respondent. On the brief were Rhoten & Rhoten, of Salem.

Before Rossman, Chief Justice, and Lusk, Belt, Kelly, Bailey and Hay, Justices.

KELLY, J.

This case was instituted against defendant Florence Mills Ireland only. At the trial, pursuant to a stipulation, defendant E. C. Ireland, husband of Florence Mills Ireland, was made a party defendant. No actual

amendment of the pleadings was made and hence we will refer to the defendants in the singular number.

On January 10, 1946, plaintiff and defendant entered into a written agreement, the pertinent provisions of which are as follows:

That in consideration of the covenants, agreements and stipulations therein contained on the part of plaintiff to be paid, kept and faithfully performed by plaintiff, said defendant Florence Mills Ireland leased, demised and let unto plaintiff her farm consisting of 46.2 acres, more or less, in Marion County, Oregon, for a period of one year from the 1st day of February, 1946, to and including the 1st day of February 1947.

"That the lessee shall farm that portion of said land in cultivation in a good and husband-like manner in accordance with the best method of farming said land in the community in which the said land is located, and shall raise upon said land during the season of 1946, a crop of onions or onion seed, and shall bear all of the expense in the raising and harvesting of said corp, of every name and nature whatsoever and the said lessor shall receive one-third (1/3) of said crop for the rental of said premises as follows:

"That after said crop shall be harvested, the lessor shall have the option of having one-third of said crop delivered to her upon the premises, or that all of said onion crop shall be sold at the expense of the lessee and one-third of the funds received for said crop shall be paid over to the lessor immediately upon the sale of said crop."

* * * * *

* * * * * "that at the expiration of the said term or upon any sooner termination of this lease, said lessee will quit and deliver up the premises," * * * "to said lessor, or those having their estate therein, peaceably, quietly, in as good order and condition (reasonable use and wearing thereof, fire

and other unavoidable casualties excepted) as the same now are or may be put in by the lessor or those having their estate in the premises; that said lessee will not suffer nor commit any strip or waste thereof.''

\* \* \* \* \*

''Provided always, and these presents are upon this condition, that if the lessee shall neglect or fail to do or perform, and observe any or either of the covenants hereinbefore contained, which on said lessee's part are to be performed, then and in either of the said cases, the said lessor, or those having their estate in the said premises lawfully may, immediately or at any time thereafter, and while said neglect or default continues, and without further notice or demand, enter into and upon the said premises, or any part thereof, in the name of the whole and repossess the same, of their former estate and expel the said lessee, and those claiming under said lessee, and remove his effects (forcibly if necessary), without being taken or deemed guilty in any manner of trespass, and without prejudice to any remedies which might otherwise be used for arrears of rent, or preceding breach of covenants.

''Any waiver of any breach of covenants herein contained to be kept and performed by the lessee shall not be deemed or considered as a continuing waiver, and shall not operate to bar or prevent the lessor from declaring a forfeiture of any succeeding breach, either of the same condition or covenant or otherwise.

''Any holding over by the lessee after the expiration of the term of this lease, or any extensions thereof, shall be as a tenancy from month to month and not otherwise.

''That the lessor does hereby grant to the lessee the exclusive right and option to purchase the hereinbefore described real property at any time while this lease is in force and effect for the purchase price of Twelve Thousand One Hundred and no/100 Dollars ($12,100.00) cash and the lessor does agree

to furnish to the lessee in the event of the exercising of said option, a good and sufficient abstract or title insurance policy showing marketable title to said premises and to convey said premises to the lessee, his heirs or assigns, by good and sufficient warranty deed, free from all encumbrances, at the time of exercising of said option.''

Plaintiff's complaint contains no allegation that plaintiff has paid or kept, or faithfully performed the covenants, agreements and stipulations set forth in said contract.

Said complaint does contain an allegation that defendant Florence Mills Ireland, at all times therein mentioned has been and now is the owner of the 46.2 acres described in the above mentioned contract; and that on or about January 10, 1946, plaintiff and said defendant entered into said contract.

There is in said complaint an allegation that subsequently to January 10, 1946, plaintiff went into possession of said farm property and ever since said date has been in possession thereof.

Granting of the option as a part of said contract is alleged in plaintiff's complaint. It is also alleged therein that on July 17, 1946, plaintiff in writing notified defendant that he was exercising said option and tendered to defendant the purchase price of $12,100.00 and a continuance of said tender is alleged and a deposit of said purchase price with the clerk of the trial court as a continuing tender thereof.

Paragraph VI of plaintiff's complaint is as follows:

''Heretofore defendant has rejected said tender and refuses to accept the same and has declined to convey said premises to the plaintiff in accordance with the terms of said option. The grounds on which the defendant has refused to comply with the terms of said option are that the defendant con-

tends that she is entitled to one-third of the crop growing on the premises, whether or not the crops growing thereon had been harvested prior to the notice of the exercising of the option. No crops growing on the premises during the crop year 1946 were harvested prior to the time the option was exercised.''

In the answer, defendant admits the execution of the contract of January 10, 1946; that in July, 1946, plaintiff made a request for the purchase of said property and that defendant denied any right on the part of the plaintiff to the purchase of said property. Except as thus admitted, the allegations of plaintiff's complaint are denied in defendant's answer.

As a further defense, it is alleged in defendant's answer that no consideration has been paid by the plaintiff for an option or for the use of said property.

Paragraphs VI, VII, VIII, and IX of said answer are as follows:

"VI.

That there was no consideration, promise or agreement for an option to (purchase) said premises granted to the plaintiff, except such as was incidental to the agreement for the farming of said porperty and the raising of an onion crop as hereinbefore alleged.

VII.

That due to the wrongful acts of the plaintiff and the failure of the plaintiff to cultivate said property and raise the crops as specifically agreed to, defendant has (refused) and does refuse to sell said property to the plaintiff, and claims and asserts that she is entitled to the possession of said property together with her damages for the withholding of said property from the defendant.

VIII.

That the defendant has been damaged by the failure of the plaintiff to plant and harvest a crop

of onions or onion seed, as had been agreed to, in the sum of Four Thousand ($4,000.00) Dollars for the year 1946.

### IX.

That the plaintiff is still in possession of said property and is still refusing to surrender said property to the defendant, and that unless said property is now and immediately surrendered to the defendant, she will suffer an irreparable damage for the year 1947, as far as now can be estimated, in the sum of approximately Four Thousand ($4,000.00) Dollars.''

In his reply, plaintiff alleges that, about January 15, 1946, and following the execution of the agreement referred to in the complaint and answer, the plaintiff and defendant agreed that said contract of January 10, 1946, would be modified and changed to the effect that the plaintiff should grow on the premises under the terms of said agreement a crop of beans and a crop of squash instead of an onion crop.

Compliance by plaintiff with the performance by him of all of his agreements and undertakings under the terms of the contract of January 10, 1946, and the purported modification are alleged in plaintiff's reply.

Plaintiff's second further and separate reply is as follows:

"That the plaintiff has exercised his option provided in the agreement of January 10, 1946, and the defendant has refused to comply with the terms of said option and has denied the plaintiff's right to purchase the premises, and inasmuch as plaintiff is entitled to the purchase of the premises and did exercise his option prior to the time of harvest of the 1940 crops, defendant is in no manner interested financially or otherwise in the kind of crop grown on the premises during the 1946 crop year.''

In plaintiff's third and fourth further and separate replies, estoppel is pleaded, based upon the allegation of the expenditure by plaintiff of large sums of money and a great amount of labor upon the improvement of the premises in suit, and the growing of crops thereon in reliance upon the alleged modification of the agreement of January 10, 1946, and in reliance upon plaintiff's option to purchase said premises, which expenditure of money and labor was known to defendant and acquiesced in by defendant.

The foregoing synopsis of the pleadings is set forth, because defendant's first proposition of law is to the effect that plaintiff's complaint does not state facts sufficient to constitute a cause of suit for the reason that it does not allege plaintiff's performance or willingness to perform the covenants of the contract of lease and option on his part to be performed.

■■ It will be observed that as to the contractual relationship between the parties, plaintiff's pleadings are confined to a disclosure of the contract of January 10, 1946, and its alleged modification of January 15, 1946. From these, we must ascertain what, if any, consideration is shown passing to defendant from plaintiff for the option in suit. Without a consideration therefor, the purported option would be unenforcible. We think, therefore, that the consideration for the option, as well as for the occupancy and use of the premises, was the performance by plaintiff of the covenants of the contract on his part to be performed and that the performance thereof should have been alleged.

This is not the position assumed by counsel for plaintiff. Upon oral argument, when asked what the consideration to defendant was, plaintiff's counsel said: "The dealings of the parties." His explanation, which is not reflected in the pleadings, embraced a

transaction wherein plaintiff bought of defendant and paid for some personal property consisting of farm machinery and equipment, the purchase price of which, was $2900.00.

In the trial court, no demurrer was interposed to plaintiff's complaint, and no motion was directed against plaintiff's further and separate replies; but in this court a demurrer to plaintiff's complaint has been filed.

Defendant's assignment of error number two is to the effect that error was committed in decreeing specific performance as the record affirmatively shows that plaintiff failed to prove performance or willingness to perform all the conditions on his part to be performed and made an anticipatory breach of the contract.

The record discloses that on July 17, 1946, plaintiff's attorney addressed a letter to defendant enclosing plaintiff's notice of his intention to exercise said option.

By a letter dated July 23, 1946, defendant addressed a letter to plaintiff's attorney in which defendant said:

"The contract provides for not only the payment of $12,000 but also 1/3 of the crop and until the crop is harvested I see no way of determining the proper figure."

On July 30, 1946, plaintiff's attorney addressed another letter to defendant as follows:

"Your letter of recent date was received concerning the Emil Balla matter. I have carefully studied over this contract and have read some cases on the subject and have referred to some of the law texts in the matter. I am convinced from my examination of the authorities that Mr. Balla is

entitled to exercise his option for the purchase of the property without paying the share rental provided the option is exercised before the crop payments become payable.

Accordingly, we have had Mr. Balla send a letter to you, which is enclosed, for his tender of the purchase price, and we are also sending you herewith a letter from the First National Bank to the effect that the money is available.

We have no other course except to notify you of this tender and to request that you comply with the option granted in the contract. Kindly notify us by return mail as to your position in the matter."

Contemporaneously with the foregoing letter of his attorney, plaintiff addressed a letter to defendant confirming his tender of $12,100.00.

■ This presents the issue with respect to which in his correspondence, in his pleadings, in his evidence and upon this appeal, plaintiff had insisted and still insists that until the crops of beans and squashes were gathered, defendant acquired no right or interest therein; and that by exercising the option to purchase the premises before the crops were harvested, plaintiff became entitled to the real property of which at that time the beans and squashes were a part.

We think that crops of that character are to be deemed real property until severed; but in that real property consisting of the crops both the landlord and the tenant have an estate or interest as tenants in common. *Cooper v. McGrew,* 8 Or. 327; *Messinger v. Union Warehouse Co.,* 39 Or. 546, 65 P. 808; *Abernethy v. Uhlman,* 52 Or. 359, 93 P. 936, 97 P. 540; *Halsey v. Simmons,* 85 Or. 324, 166 P. 944, L. R. A. 1914A 321.

That estate or interest is not necessarily inconsistent with the fee simple estate of the landlord and

the leasehold right of the tenant. 24 Cyc. 1471, 16 R. C. L. 586; *Halsey v. Simmons,* supra; see cases in note 36, p. 699, 36 C. J., Landlord and Tenant, Sec. 1939, Oregon cases there cited; *DeWolfe v. Kupers,* 106 Or. 176, 211 P. 927.

Plaintiff cites *Estep v. Bailey,* 94 Or. 59, 185 P. 227, which declares the rule that as between vendor and purchaser, a deed to the property on which a crop is then growing would convey to the purchaser the growing crop as part of the real property, unless the same was reserved by the vendor in the deed. The same rule is declared in *Tallman v. Havill,* 133 Or. 407, 415, 291 P. 387, in which, however, this court speaking through Mr. Justice (now Mr. Chief Justice) ROSSMAN, say:

"When the parties, in some appropriate manner, exempt from the conveyance the crop and reserve its ownership to the grantor, the courts give effect to their action."

The covenant that defendant should have one-third of the crop was an express exemption of defendant's interest therein from the effect of an exercise of the option by plaintiff.

■ Plaintiff also cites *Richanbach v. Ruby,* 127 Or. 612, 271 P. 600, 61 A. L. R. 1441, the doctrine of which is that an option to purchase conveys no present interest in land. *If supported by a consideration,* it becomes an existing contract for the sale of land *at* and *not* before acceptance by the optionee.

Based upon the foregoing declarations to the effect that a growing crop is deemed to be real property and an option to purchase that real property, *if supported by a consideration,* becomes an existing contract when, and only when, accepted by the optionee, plaintiff argues that in the case at bar when he notified de-

fendant that he would exercise the option in suit, he then and thereupon became the purchaser of the defendant's interest in the crops growing on the premises.

As we view it, the interest in the crops owned by defendant was the only consideration for the option. The fact that it was also the consideration for the use and occupancy by plaintiff of the premises does not supply any other or different consideration for the option. *Helbig v. Bonsness,* 227 Wis. 52, 277 N. W. 634, 115 A. L. R. 373, may be distinguished from the instant case only that in the Wisconsin case there was a consummated breach by the tenant of the terms of the lease; while in the instant case, there was an anticipatory breach.

If by merely notifying defendant that plaintiff exercised his option to purchase and tendered the purchase price, plaintiff could annul, revoke, rescind, cancel and avoid consideration for the option and his occupancy and use of the premises, when he did so, he deprived his option of its only support and rendered it *nudum pactum* and therefore unenforcible.

*House v. Jackson,* 24 Or. 89, 32 P. 1027, also cited by plaintiff, recognizes that an option to purchase real property in order to be enforcible must be supported by a consideration. In the case at bar, we find no consideration other than defendant's right to, and interest and estate in the crops upon the premises in suit.

Plaintiff's quotation from C. J. S. supports our view as to the consideration for the option of the instant case. That quotation is as follows:

"Where the lease and the option constitute but one contract, the provisions of which are interdependent, the consideration for the lease supports

the option; in other words, the agreement to pay rent or do other acts, *and the fulfillment of such obligations on the part of the lessee will support the option* as well as the right to occupy under the lease." 51 C. J. S. Subject, Landlord & Tenant, Sec. 81, p. 636. (Italics supplied.)

The landlord's interest in such crop would not have been terminated or destroyed by a sale and transfer of the premises by the landlord to the tenant before a severance of the crop. As stated, it constituted the only consideration for the contract that granted to plaintiff the use and occupancy of, and an option to buy the premises.

While the rule seems to have been settled in this jurisdiction that as to the crops in which the landlord is given a right to a fractional part as a consideration for the contract of lease, the parties thereto, namely, the landlord and the tenant both have an estate or interest therein as tenants in common, the authorities in other jurisdictions are in serious conflict.

■ Under the rule in force in this jurisdiction, if the contract of lease had continued in force and effect in accordance with its terms, plaintiff would have been obligated to account to defendant for one-third of the crops when they were harvested. This he definitely declared he would not do and thereby plaintiff committed an anticipatory breach.

This court, speaking through the late Mr. Justice HENRY J. BEAN, with respect to an anticipatory breach of an executory contract, have said:

"The promisee, in case, the promisor refuses further performance, is not bound to rescind the contract. He may keep it alive and sue upon it, *or he may adopt a middle course and treat the contract as at an end for the purposes of further per-*

*formance but is* [as] *still alive for the purpose of adjusting the rights of the parties as to the breach."* Dibble v. David Hodes Co. Inc., 132 Or. 596, 606, 277 P. 820, 286 P. 554.

From what we have said it follows that, at least as to the affirmative relief sought by defendant, this case must be retried and therefore we feel justified in referring to the present state of the pleadings.

■ As stated, there is no allegation in plaintiff's complaint to the effect that plaintiff performed all the terms and conditions of the contract in suit on his part to be performed. That is a material allegation that should be made in the complaint, unless plaintiff relies upon facts constituting waiver thereof by defendant, in which event those facts should be alleged in the complaint.

While plaintiff's cause of suit is necessarily based upon a purported modification of the contract executed on January 10, 1946, no allegation of such modification appears in plaintiff's complaint where such issue should have been tendered.

On the other hand, the defendant, on this appeal seeks to invoke the principle that when the promisor refuses further performance of an executory contract the promisee may treat the contract as at an end for the purposes of further performance but as still alive for the purpose of adjusting the rights of the parties as to the breach, in accordance with the above quoted excerpt from *Dibble v. David Hodes Co. Inc.,* supra, notwithstanding the fact that there is no allegation of such an anticipatory breach in defendant's answer.

If supported by proper pleadings and substantial evidence thereof, the issues upon which plaintiff has the affirmative are: (1) whether there was a modification

of the contract on January 10, 1946; (2) if not, was defendant's conduct so inconsistent with defendant's denial of plaintiff's purported right to plant beans instead of onions as to support a plea by plaintiff of quitable estoppel; and (3) has plaintiff fully performed his part of the contract he now seeks to require defendant to specifically perform, or, if not, was plaintiff's default waived by defendant.

These three issues should have been tendered in plaintiff's complaint.

The issue upon which defendant holds the affirmative and upon which defendant's answer is silent arises because the testimony indisputably discloses that plaintiff committed an anticipatory breach of the contract when he tendered the sum of $12,100.00 and demanded a deed to the premises in suit. This anticipatory breach consisted of plaintiff's refusal to deliver to defendant any part of the crop grown on the premises in suit, or to account to defendant in any manner for defendant's share therein.

■■ It is elementary that to support an affirmative recovery there must be not only legal and convincing proof, but also relevant and supporting allegations in the appropriate pleading of the party seeking such recovery. In other words, in defendant's answer there should have been an allegation of said anticipatory breach in order to render applicable the principle above quoted from the Dibble-Hodes Co. case.

For these reasons, the decree of the circuit court is reversed and this cause is remanded for such further proceedings as may not be inconsistent herewith. Costs on this appeal to abide the event.

Rossman, C. J. and Belt and Hay, JJ., concur.

Mr. Justice BRAND did not participate in this opinion.

BAILEY, J.  Dissenting in part.

Plaintiff, having failed to comply with the terms and conditions of the option, is not entitled to equitable, or other, relief.  I therefore concur in that feature of the case.  I do not think, and therefore can not concur with the majority opinion, that defendant Florence Mills Ireland is attempting to recover for an anticipatory breach.  She is seeking to recover damages against plaintiff for his failure ''to plant and harvest a crop of onions or onion seed'' for the year 1946 and damages or rental for the occupation of the property by plaintiff since 1946.

LUSK, J., concurs.