Oiina, per Woodworth, -J.
This was a letting -of land upon shares-; not-a -lease ; and - as to the -grain -raised, the plaintiffs were -tenants in common. (8 John. 152 ; 3 John. 216,)
It does not appear -in what manner the defendants obtained possession. It is not stated that they wrongfully disseised Billson. If the entry was lawful, the property "of the Wheat and rye was in the 'defendants. If it was unlawful and worked a disseisin, trespass quare clausum * fregit might have-been maintained for the first entry; and, 'after a recovery in ejectment, damages would follow "for the mesne profits. But I do not see how the parties can -maintain "an action for the wheat and rye raised, disconnected from the remedy by trespass. If that be -allowable, <a plaintiff may -sue in trover for wheat or corn raised on land, of which he has been disseised, and that, too, before his re-entry. The action of "replevin does not lie in such a Case. That Jaetion is -founded on the right of the party. How, after -the -entry and'occupation of the "defendants, the right -of the plaintiffs to the crop ceased; though it could be available by an action of trespass, after a recovery of the -land by ejectment. In this case, we know not by what means one of the plaintiffs was restored to the possession, nor is it m& *222 terial: for bad it been by ejectment, the action for mesne profits was the remedy. It is not necessary to inquire whether the Regaining of possession by one of the plaintiffe, without suit, enured to the benefit of both, and whether, if so, or if both had in fact entered, they could have an action for damages done after-the first entry. It is said in one book, “ If a man who once had the possession in fact of real estate, quit it or be deprived thereof, he cannot maintain an action of trespass -girare clausum fregitt for .an injury done thereto, which was.done betwixt the time of his quitting or being deprived of the possession, and Ms regaining the same by re-entry.” (Bac. Abr. Trespass, (C.) pl. 3,.cites Bro. Tresp. pl. 365.) In another hook, it is. said, "If a man -be. disseised, after his re-entry,- he may have action of. trespass against the disseisor, for any. trespass .done by him. after the diseisin; for, by his re-entry, his possession is restored ah initio, and all times after.” (2 Roll. Abr. Trespass, (T.) pl. 5.) Such seems now to be the settled'doctrine. (4 Cowen, 338, and the cases there cited.)(a) It is; enough, ^however, that this is not an action of trespass.. The action is misconceived; and 'the motion to set aside the non-suit -is. denied.
Motion denied.:

 Oh examining the place in Bro. cited by Bacon, the doctrine will be found consistent with that in Bolle, and the modern authorities. A literal translation of Bro. (Trespass, pl. 365,) relied on by Bacon, is-as follows: “In trespass, the defendant said that the plaintiff himself was seised in fee, and. leased to the defendant for six years, and that after .the term ended, the defendant held himself in, and did. the trespass of which the plaintiff has brought this action before any entry.” Judgment, &c. And by all the justices, trespass vi. et armis does not lie before that the plaintiff has made regress, as here. Quod nota. Brooke cites the Tear Book, 22, E. 4, 13, and gives a very faithful abstract of the original case, whith will he found at pi. 31 of the folio 13, cijed by him. It was debated by counsel upon the . very point stated by Brooke; and the action was denied, because there had been no re-entry.