JAMES WILSON, plaintiff in error, *vs.* WM. L. REESE, for use of W. A. HAWKINS, *et al.,* defendant in error.

The judgment of a county-judge, upon the trial of a possessory warrant, being against the weight of the evidence, the Judge of the Superior Court, upon *certiorari,* properly reversed his judgment, and ordered the goods restored to him, who was entitled to the possession of them.

Possessory Warrant. *Certiorari* from County-Court. Decided by Judge VASON. Sumter county  March, 1868.

Reese, for the use of W. A. and S. H. Hawkins, sued out a possessory warrant against James Wilson, for one hundred and fifty bushels of corn, two thousand pounds of fodder, and fifty bushels of potatoes. The case was tried before the county-judge. The evidence was as follows: Plaintiff's son testified that his father farmed, in 1868, with Captain W. A. Wilson, on shares, and his father's share of the corn, fodder, and potatoes, was put into separate places; the corn, say one hundred and fifty bushels, into a crib, of which his father had possession.

The plaintiff testified to said joint farming arrangement, that the crop was divided by agreement, and his share of the corn, fodder, and potatoes was put to itself; the corn in a crib, the fodder stacked near by, and the potatoes in the ground : say one hundred and fifty bushels of corn, two thousand pounds of fodder, and fifty or sixty bushels of potatoes. When he went to get the corn, (which he had nailed up,) he found it locked up, and claimed by James Wilson, who refused to let him have the corn or fodder. Witness had never delivered possession of the corn to any one. He had promised Captain Wilson to let him have the corn, upon settling with him. He moved from the farm 31st December, 1867. As he was moving away, he met James Wilson, going to the farm to take possession of it. Gave him the key to the crib, which contained Captain Wilson's portion of the corn, and told him that he expected to let Captain Wilson have the corn in witness'

crib, when they settled, but did not, then, give him possession of it, nor has he since. Witness had moved to another place for 1868, and had not been on said Wilson's farm for nine days before he applied for the corn.

JAMES WILSON swore that, on the 31st of December, 1868, as agent for his brother, Captain Wilson, he took possession of said farm. En route, he met plaintiff, who gave him the key to the crib containing Captain Wilson's portion of the corn, and said he would let Captain Wilson have the balance of the corn left in plaintiff's crib. Witness did not recollect plaintiffs saying anything about a settlement with Captain Wilson. Witness thought he had a right to take possession of the corn left by plaintiff. The negroes had gotten a milling of corn out of it, and witness put it under lock and key. It was nailed up when witness went there. He refused to let plaintiff have the corn, because he was acting as agent for Captain Wilson, and thought he had a right to the corn.

CAPTAIN WILSON testified that he let plaintiff have corn in 1867, and expected payment in the kind. Plaintiff told him that he owed him one hundred and seventy-five bushels of corn, and would leave the balance in plaintiff's crib, for witness, after taking three wagon loads to use in 1868; and witness thought it had been so left for him. He owned the farm where the corn was, defendant was his agent, and plaintiff had moved to another place for 1868.

Upon this evidence, the county-judge decided that Wilson should keep the corn, etc. Upon *certiorari*, upon the sole ground that the judgment was against the evidence, Judge Vason reversed said judgment, and made a final order that the property be delivered to plaintiff. This decision and order are said to be erroneous.

GOODE, for plaitiff in error.

HAWKINS, represented by McCAY, for defendant in error.

Wilson *vs.* Reese, etc.

HARRIS, J.

The summary proceeding resorted to by Reese, admitted only of an enquiry into the question of *possession*. The Court could not, therefore, look into the alleged loan of several loads of corn, by Wilson to Reese, in 1867, and *agreement* of Reese to pay them out of the crop to be made on the premises, and the right of Wilson, thereby, to take possession of the corn left by Reese on the premises, from which he had just removed. Nor could the Court go into any investigation of any alleged purchase, further than to ascertain if the possession had been changed, and how. The testimony shows that corn, for which the possessory warrant was sued out, was left by Reese on the premises, in a crib, nailed up, and his portion of the fodder stacked near by. Although Reese had left the land, and Wilson entered upon it, the law treats the property, *thus separated,* as in the possession of him who did it, or caused it to be done. Nor did the testemony show that the possession of either corn or fodder was ever given to Wilson, or even that any conversation had ensued, from which permission to take possession might fairly be inferred. The county-judge, notwithstanding, gave judgment in favor of Wilson. To correct this error, the case was taken up by *certiorari* to the Superior Court, where the judgment was reversed, and restitution of possession to Reese ordered. It was a proper disposition of the case.

Judgment affirmed.