JOHN L. USRY, plaintiff in error, vs. CICERO RAINWATER, defendant in error.

Where two persons make a crop together, and the corn made is gathered, shucked and separated into equal parts, and placed in different cribs on the place, and each of the parties has a key to a distinct crib, with leave to feed his stock therefrom: `Held`, that this is not such a division of the corn as puts each cropper in possession of his part in his own right, and a possessory warrant will not lie between them for said corn, until a formal division is made, or there is a formal settlement of the debts and affairs of the partnership.

Possessory Warrant.    Partnership.    Before Judge AN-DREWS.    Warren Superior Court.    April Term, 1869.

Rainwater sought to recover seventy-five bushels of corn from Usry, by possessory warrant.    On the trial before the Judge of the County-Court, RAINWATER testified that he and Usry farmed together, in 1867, each paying half the expenses and taking half of the crop; they gathered the corn, shucked it, and divided it, putting half into one crib and half into another, and each took possession of one crib and its contents.    Both cribs were on Usry's land; and he testified that when the corn was so divided he considered it all his, until he was paid certain demands which he held against Rainwater, and until the expenses of the farm were paid. He admitted that Rainwater had kept the key of one of the cribs, ever after said division, till he left the premises, meanwhile feeding his horse out of it, and he admitted, that since Rainwater left, he, Usry, changed the lock of the crib to which Rainwater had had the key, and refused to allow him to use or remove the corn.    He also put in evidence the contract between them, but what it was does not appear, except by inference from the petition for *certiorari*.    RAINWATER, re-examined, testified that he had paid the liens on his part of the crop, and that Usry sold the cotton raised by them, and had paid no part of its proceeds to him.    The Judge of the County-Court ordered the corn delivered to Rainwater.

Usry sued out a *certiorari*, averring that the Judge of the County-Court erred in said judgment, because the corn was

the joint property of Usry & Rainwater, whose partnership is not yet dissolved, because, by the contract, neither was to have any exclusive right to any part of the crop till the expenses of the farm were paid, and because possessory warrant was not the proper remedy under the circumstances. Judge Andrews affirmed the decision of the County-Judge. That is assigned as error.

· Toombs & DuBose, for plaintiff in error, relied on sections 1880, 3956, of Irwin's Code and 18th Ga. R., 664. ·

E. H. Pottle, for defendant, relied on 34th Georgia Reports, 224.

McCay, J.

Nothing is more common among "croppers" than to separate the corn as it is gathered, into equal lots, put each lot in a separate crib, and agree that each person at interest shall feed his stock out of a designated crib, of which he keeps the key. In such arrangements there is no intent to divide the crop. It is nothing but a convenient and satisfactory mode, by which to keep an account of what each one uses, since, when the final division is made, the deficiency in each crib is conclusive of the account. The habits of our people, who are very often "out of corn," even before the crop is gathered, makes this practice a great convenience. The arrangement is made long before it is possible to know what will be a proper division, after the cotton is gathered and the expenses are paid, and it is not intended as a severance of the joint ownership. So long as this continues, the *possession* of one is the possession of both, and a possessory warrant does not lie between them.

We see no evidence in this record of any severance of the *ownership* of this corn, and, although it is true that in such trials the right to the possession is the only thing at issue, yet there are cases (and this is one of them) where the possession depends upon the ownership. So long as this corn belongs to the partnership, the possession of one is the posses-

sion of both, and there is no such possession of either as comes within the meaning of the Act of 1821, or the provisions of the Code, generally known as the possessory warrant law.

Judgment reversed.