## WARD v. WORTHINGTON.

1. PRACTICE—*Bill of Exceptions.*

An entry upon the record that a party upon a motion for continuance being sustained, agreed to admit the facts stated therein, upon which the parties went to trial, will not be noticed by this court, where these matters are omitted from the bill of exceptions.

2. REPLEVIN—*Action by tenant in common:*

One tenant in common cannot maintain replevin against his co-tenant for his part of the common crop, unless there has been a division of it, consummated by an assignment and appropriation of a part to each.

APPEAL from *Sebastian* Circuit Court.

Hon. R. R. RUTHERFORD, Special Judge.

*Du Val & Cravens,* for appellant.

EAKIN, J. :

Worthington sued Ward in replevin, before a justice of the peace, stating in his affidavit, that his claim was "for 372 pounds of lint cotton, of the value of $37.20, which cotton is the one-half of the undivided crop made by him on Joe Ward's farm," " which he is entitled to for cultivating said crop." A writ was issued, some cotton seized, and a delivery bond executed by defendant, to retain the property. After some very irregular proceedings, a very irregular verdict and judgment was rendered for plaintiff, and defendant below appealed to the Circuit Court.

There he filed an answer, denying that plaintiff owned the cotton, or was entitled to possession ; and,

2d. Alleging that plaintiff owed him twenty-eight dollars for supplies, and money advanced ; and had agreed to let him have a lien on said cotton, and hold it. A demurrer to the second paragraph was overruled. Upon trial in the Circuit Court the jury found for the plaintiff, that he have return of the

cotton replevied, valued at $37.20. Defendant moved for a new trial, which being overruled, he excepted and appealed.

There was no evidence whatever of defendants' lien. If we might notice a paper appended to the transcript and marked filed, it would appear that defendant moved for a continuance on account of the absence of a witness, who would prove that plaintiff acknowledged the existence of a lien; and an entry of record showing that the plaintiff, upon a motion for a continuance being sustained, agreed to admit the facts stated therein, upon which the parties went to trial. But all these matters are omitted from the bill of exceptions, and cannot be noticed. (*P. & Z. Phillips*, v. *Reardon & Son*, 2 Eng., 7 Ark., p. 256.

For the rest, the substance of the evidence made this case. Worthington, the plaintiff, cultivated a crop of cotton on the farm of defendant. They hauled it together to a gin, and directed the ginner to put it up in two bales, one for each; the plaintiff furnishing for the purpose his own bagging and ties. It was ginned and put up in two bales, one weighing over 400 pounds, and the other over 300 pounds. The defendant brought 300 pounds of seed cotton of his own, which was also ginned and put up in the smaller bale. Both were removed by defendant. Cotton was worth from 10 to 11 cents per pound.

Although the Code has abolished the distinction between the old common law forms of action, the proceeding by replevin is peculiar; being intended for the recovery of specific property. Its distinct nature and requisites must be preserved or the practice will fall into confusion. The recovery is for a specific article which must be identified, or for its value, which must be ascertained. Otherwise, however plain the rights of a party may be to a money compensation, this form of action ought not to be sustained. It is prompt and dangerous; and

those who resort to it should be careful to bring their cases by proper evidence within its provisions and requirements.

There was no evidence before the jury of any division of the crop, consummated by assignment and appropriation of a part to each. The baling in two parcels was with a view to that, but neither the weight nor value of bales was established, except by remote approximation, nor was it shown that any assignment of a particular bale to each was made, so that he might say "this is my property." It is not shown that the bales were equal in weight or value. The jury seem to have taken it as confessed by the pleadings before the magistrate, and in the Circuit Court that the bale replevied weighed 372 pounds, because there was no distinct denial of that in the answer. There was no proof of it at all. It was sufficient for the answer to deny the property of plaintiff, and that did not of itself amount to an admission of its alleged value. *Gantt's Digest*, 4608, nor of its description.

The remedy, by replevin, for an *undivided* part of a crop was not proper in the first place. The point was not taken and the case was tried on the merits, but it did not relieve the plaintiff from showing facts to maintain his action. We think the facts shown did not authorize the verdict, and a new trial should be granted.

Let the judgment be reversed, and the cause remanded for the purpose.