## HART v. MORTON.

44 | 447
62 | 135

44 | 447
d70 | 105

REPLEVIN: *For goods intermixed.*

Replevin cannot be maintained for a mass of cotton in which the plaintiff's has been innocently mixed by the defendant, nor for an undivided share of the mass. It must be first separated and capable of identification.

APPEAL from *Baxter* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*Z. M. Morton* for appellant.

First—The price of crop depended on amount when gathered and ascertained, all of which was to be done by Hart; if so, sale vested title in him, and McCrady could convey nothing to Morton. *37 Ark., 490; 35 Ib., 190; 31 Ib., 131 and 155; 19 Ib., 267; Parsons on Con., vol. 1, 526–7–8; Powell's Analysis Amer. Law, p. 275, par. 6–1.*

Second—A cotton crop in field is not the subject of manual delivery, and will pass without if so intended by the parties. *37 Ark., 490; 35 Ib., 304; 31 Ib., 131.*

Third—Appellee's rental rights did not give him right of possession of entire crop. *36 Ark., 529; 38 Ib., 418.*

Fourth—McCrady was holding as bailee when sold to appellee, and could convey no greater right than had himself—and having no property therein could convey none. *Story on Bailments, 101, 102, 103, 322, 323, 324.*

Fifth—Innocent purchaser not protected when seller no property. (*Powell's Anal. Amer. Law, p. 275, etc.*) Morton not innocent purchaser; has not paid anything on cotton. Had sufficient notice to put him on inquiry. (*16 Ark., 94; 14 Ib., 69; 27 Ib., 557; 55 Ala., 517; 36 Tex., 511; 75 Ill., 354.*) Is cognizable only in equity as a defense. The above cases real estate, but principle applies.

Sixth—Replevin will lie for *all* the cotton. After demand by appellant subsequent detention became wrongful, clearly a case of "confusion of goods." *Parsons' Con., vol. 3, 6th ed., 199, 200 and note a,* and authorities there cited; *Blackstone's Com. (Chitty), B. 2, 326–7.*

*J. Frank Wilson* for appellee.

1.  If the vendor was to do anything to the goods, so as

to bind the purchaser to receive them, or to put them in a delivery state, the sale is not complete.

If you must either *weigh*, measure or test the goods, so as to determine the price, the sale is not complete still. *Beller v. Block, 19 Ark., 567.*

2. As a second reason why appellant cannot recover in this action see *Benjamin on Sales, section 675, note D* to said section. Here we have the authority given that, as between vendor and purchaser, and as against strangers and trespassers the title to personal property passes without delivery; but as to *subsequent* purchasers (in good faith, of course, and from the evidence appellee surely was), attaching creditors and others standing in like relation—this rule does not apply; to render a sale valid against these, *there must be a delivery*—citing a *host* of *authorities.* Also, from the same authority we find that when the same chattels are sold to two different purchasers, by conveyances equally valid, he who first takes possession will hold as against the other. *Fletcher v. Howard, 2 Aiken, 115; Brown v. Pierce, 97 Mass., 46-48; Daws v. Cope, 4 Binney, 258; Lanfier v. Sumner, 17 Mass., 113; Bab v. Clemson, 11 Serg. and R., 419; also, 5 Whart., 53; 2 Kent., 522; 60 Maine, 372; 4 Gray, 307; 5 Allen, 280.*

3. A third reason why appellant cannot recover in this action of replevin is, that the evidence wholly fails, as we humbly conceive, to show that the appellee *willfully* mixed the cotton purchased from McCrady with that of his own, but did as he believed he had a right to do— mixed the cotton as a necessary convenience—having no knowledge of appellant's pretended claim at the time. Therefore, not "clearly a case of confusion of goods," but clearly replevin will not lie. (*Wells on Replevin, secs. 196 and 7.*) Mixture must be willful. Also see *McKennon v. May, 39 Ark., 442.*

29

Hart v. Morton.

REPLEVIN:  COCKRILL, C. J.  The plaintiff and defendant each as-
For goods
intermixed serted title by purchase from the same vendor, to a lot of
seed cotton.  The plaintiff claimed to have purchased it
in the field before it was picked, subject to the landlord's
lien for rent.  The defendant was the landlord, and after
the cotton was picked got possession of it with the assent of
the tenant, taking a part in satisfaction of his rent, and
part in payment of a debt the tenant owed him.  The
plaintiff sought to take the whole from him in replevin.
He admitted the defendant's prior right and superior title
to the rent cotton, but claimed that the defendant had
intermixed his own and that claimed by the plaintiff, and
thereby forfeited his right to any part of it.  It is not
shown by the testimony that the defendant was guilty of
any fraud or willful wrong in intermingling the rent cot-
ton with that claimed by the plaintiff, if indeed it can be
said the cotton was by his act intermingled at all.  There
had been no separation of the rent cotton from the other
at the time of his purchase.  He bought it in bulk in the
condition it came from the field, without notice of the
plaintiff's claim of title, and in good faith as far as the
record discloses.  In order to ascertain what he was enti-
tled to, he weighed out, after the tenant had absconded,
first the rent cotton and then the residue he had purchased.
There was a small lot of four hundred pounds left, which
was laid aside for the plaintiff, and not then claimed by
the defendant.  It appears, subsequently, to have been
swallowed up in the mass, but how or when we cannot
determine, and no point is made in regard to it.

The defendant could not be visited upon this showing
with the loss of his cotton.  The rule that takes from the
wrong-doer who confuses his goods with those of another,
the right to claim any part of the intermixture, and con-
fers the title to the whole upon him whose original domin-

Hart v. Morton.

ion was invaded, was devised to prevent fraud. It does not govern where the intermixture is not wrongful. The most usual and familiar illustration is this: if a man mixes two parcels together, supposing both to be his own, no change of property takes place. *Ryder v. Hathaway*, *21 Pick., 306; The Idaho, 93 U. S., 575; 2 Schouler's Pers. Prop., sec. 49; Story on Bailments, sec. 40.*

It is also said, generally, that there is an exception to the rule, or at least that it is less rigorously enforced when all of the goods are of the same quality and value, as corn, wine or cotton; then each party remains the owner of his aliquot share of the bulk. (*Authorities sup.*) But whatever may be the remedy of the parties as to a separation in case of disagreement between them, it is settled as far as this court is concerned that replevin cannot be resorted to for that purpose. That action lies only for specific property capable of identification, and cannot be maintained for an undivided interest or share. *Person v. Wright, 35 Ark., 169; McKennon v. May, 39 Ib., 442; Washington v. Love, 34 Ib., 93; Ward v. Worthington, 33 Ib., 830.*

The determination of these questions settles the case against the plaintiff and in favor of the judgment. As the plaintiff could not recover an undivided share of the cotton in this form of action, the question of his title to a share only is not presented and is not determined. If we admit that the defendant took title to nothing except the rent cotton by his purchase, the judgment is still right.

Affirm.