## Peebles *vs.* Morris.

[Jackson, C. J., did not preside in this case, on account of providential cause.]

Where two parties are jointly in possession of property as croppers, there must be such a division as will put each in possession of his part of the property in his own right, before a possessory warrant will lie in favor of one, or his legal representative on his death, against the other, or a purchaser from him, to recover any portion of the joint property.

(a.) The justice before whom the case was originally tried having awarded the possession of the property sued for to the plaintiff, there was no error, on *certiorari*, in reversing such judgment and awarding the possession to the defendant.

January 25, 1887.

Possessory Warrant. Practice in Superior Court. Before Judge LUMPKIN. Henry Superior Court. April Term, 1886.

Reported in the decision.

J. D. STEWART; F. D. DISMUKE, for plaintiff in error.

WM. T. DICKEN; HALL & HAMMOND, for defendant.

HALL, Justice.

William J. Peebles and Henderson cropped jointly in the year 1885. They were to share equally in the products of the farm. In October, 1885, Peebles died, leaving a will in which his wife was appointed his executrix. Shortly after his death, and before probate of the will, Mrs. Peebles, the executrix, in her own name, sued out a possessory warrant against Morris, to whom Henderson had sold a part of the joint crop. On the trial of the case, the magistrate awarded the possession of the property to Mrs. Peebles, and to this judgment Morris prosecuted a writ of *certiorari*. On the hearing of the writ, the superior court reversed the judgment of the magistrate, and awarded the possession of the property to Morris.

It does not appear that Peebles, in his lifetime, or his executrix after his death, had exclusive possession of any part of the crop in controversy. The most that can be said is that the executrix claimed the legal right to the joint possession with Henderson, and that she notified Morris not to purchase from him. On hearing the *certiorari*, the judge was of opinion that this was not a case for a possessory warrant. In *Usry vs. Rainwater*, 40 *Ga.* 328, it was held that, where parties are jointly in possession of property as croppers, there must be such division as will put each party in possession of his part of the property in his own right before a possessory warrant will lie in favor of one against the other to recover any portion of the joint property. This covers the very point in issue.

That it was competent for the judge, in passing upon the *certiorari*, to award the possession of the property to the party who appeared to be entitled thereto, see *Wilson vs. Reese*, 37 *Ga.* 578.

Judgment affirmed.