| 62 | 133 |
|----|-----|
| 70 | 106 |

</div>

## MOSELEY *v.* CHEATHAM.

### Opinion delivered February 29, 1896.

REPLEVIN—UNDIVIDED INTEREST IN CROP.—Replevin will not lie on behalf of the mortgagee of a share-cropper's half interest in an undivided crop to enforce a division of the crop between him and the owner of the land who is in possession of the entire crop, nor will the latter be required to surrender possession of the whole upon the payment to him of what his interest is worth.

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

#### STATEMENT BY THE COURT.

This was a suit in replevin to recover certain cotton and corn. It was developed on the trial that the corn and cotton claimed was the half of an undivided crop

which belonged to a share cropper of appellant. Appellee claimed the cotton and corn under a mortgage from the share cropper. Appellant had released his interest in one-half of the crop of the share cropper by an endorsement on the margin of the mortgage held by appellee. Appellant was in possession, and refused to surrender same. The crop was abandoned by the share cropper, and the appellant, the owner of the land, finished working and gathering same at a cost, as he testifies, of $68.50. Appellee, before bringing suit, tendered to appellant sixty dollars, which was the full value of appellant's half interest. The court found that the appellant had converted to his own use corn of his share cropper equal in value to the labor expended by appellant in working and gathering the crop. Appellant moved the court to dismiss the cause because replevin was not the remedy. But the court overruled the motion, and rendered judgment to the effect that appellee should pay to appellant $60, the value of his (appellant's) share of the crop, and that appellee should recover of appellant the cotton and corn in controversy, or the value thereof ($111). Appellant moved for new trial because the court erred in not dismissing the case, and because the findings were contrary to law and evidence. The motion was overruled, and appeal taken.

*J. C. Head* for appellant.

1. Replevin will not lie for a share of an undivided crop. 52 Ark. 254; 44 *id.* 447; 35 *id.* 169.

2. Tenant in common cannot maintain replevin against his co-tenant for a division of the crop. 33 Ark. 830.

3. Mosely was the landlord, and the crop was his, and in his possession as *sole owner* until the settlement of his claim. 34 Ark. 179; 39 *id.* 280; 34 *id.* 687.

WOOD, J., (after stating the facts). Replevin was not the remedy for appellee, under the proof in this

case.  *Titsworth* v. *Frauenthal*, 52 Ark. 254; *Hart* v. *Morton*, 44 Ark. 447; *McKennon* v. *May*, 39 Ark. 442; *Person* v. *Wright*, 35 Ark. 169; *Ward* v. *Worthington*, 33 Ark. 830.

Appellant was in the lawful possession of the crop, and had the right to retain same until it was divided, and replevin was not the remedy to enforce a division. Nor could appellant be required to surrender possession of the whole upon the payment to him of what his share or interest was worth.  However, under the state of case presented by the proof, the appellee had equities which a court of chancery might well enforce.  The cause is therefore reversed, with leave to amend the pleadings, and transfer to equity, if desired, and to have the cause disposed of according to the equity practice.