## McDONALD v. BAILEY.

No. 285.    Opinion Filed March 8, 1910.

(107 Pac. 523.)

**REPLEVIN—When Lies—Undivided Interest.** Replevin will not lie for an undivided interest in personal property.

(Syllabus by the Court.)

*Error from Comanche County Court; James H. Wolverton, Judge.*

Action by C. W. McDonald against J. J. Bailey. Judgment for defendant, and plaintiff brings error. Affirmed.

*C. W. McDonald, pro se.*

*J. A. Fain, for defendant in error.*

TURNER, J. On November 17, 1906, C. W. McDonald, plaintiff in error, sued J. J. Bailey, defendant in error, in the county court of Comanche county in replevin to recover the possession of "one-half a crop of corn" grown on certain land in said county, of the alleged value of $200, claiming a special ownership therein by virtue of a certain note, secured by chattel mortgage thereon, made, executed, and delivered by Chatoe-bitty and High-Weini to E. N. Joseph, and by him transferred to plaintiff for value and before maturity. For answer defendant filed a general denial. There was trial to the court. At the close of plaintiff's testimony, defendant demurred to the evidence, which was sustained, and exceptions saved, and after motion for a new trial filed, and overruled, plaintiff brings the case here and says that the court erred in sustaining said demurrer.

To maintain the issues on his part, plaintiff introduced in evidence said promissory note for $225, dated April 29, 1905, signed by Chatoe-bitty and High-Weini, payable to E. N. Joseph, or bearer, providing for 12 per cent. interest from date, and for an attorney's fee of $25. He also introduced in evidence a bill of sale, without date, from the makers of said note to himself, purport-

ing to convey "all of one-half of crops grown 1906 on the S. ½ of the N E ¼ and on the N. ½ of the S. E. ¼ sec. 11, Tp. 14 north, of range 9 west of the I. M., in Comanche, O. T., on Little Washita river," and indorsed as follows:

"This instrument was filed for record on the 30th day of March, 1906, at 11 o'clock a. m., and duly recorded in Book 32, Mis. p. 461. J. Robert Gilliam, Register of Deeds. [Seal.]

"Territory of Oklahoma, County of Comanche. I. J. Robert Gilliam, register of deeds in and for the county, of territory above named, do hereby certify that the foregoing is a true and correct copy of a like instrument now on file in my offce. Dated this 30th day of March, 1906. J. Robert Gilliam, Register of Deeds."

He testified, in substance, that as agent for said Joseph on or about that date he took said note, and afterwards bought it from said Joseph for value and before maturity, and that no part of it had been paid; that a chattel mortgage was given at the same time, and later superseded by said bill of sale. to secure said debt; that before suit demand was made on defendant for the corn in question, at which time defendant was feeding the same to some 75 head of cattle and about as many hogs; that the same was standing in the field, which he drove and walked through, and found that it would make some 40 or 50 bushels per acre, and that there was some 120 acres of it; that at that time corn was selling in Fletcher, the closest market, at from 25 to 27 cents per bushel, and that one-half of said crop was of the value of $500; that at the time the writ was served defendant said he had bought part of the corn from High-Weini and his squaw, making the checks payable to the latter, and part of it from a white man, paying the Indian $80 and the white man $120 therefor.

The deputy recorder of deeds of Canadian county testified that the bill of sale, when brought to that office by plaintiff, was first indexed as a chattel mortgage, and when such was seen to be a mistake was with his consent on the same day withdrawn from the chattel mortgage file and recorded in Miscellaneous Book No. 32 as a bill of sale; that such error is evidenced by an entry in the chattel mortgage record as follows: "Error C. 8220, Chatoe-bitty

and High-Weini to C. W. McDonald, March 30, 1906 (............) Error (Bill of Sale)." The reception book in said office evidenced the same to have been withdrawn from the files by plaintiff May 2, 1906. He stated that it had been in his possession ever since. The instrument itself appears to be without file mark of any kind. Plaintiff in his brief admits that the entire crop of corn in question was purchased by defendant some two or three weeks before this suit.

The most obvious ground on which the demurrer was properly sustained is that, assuming, but not deciding, that plaintiff was the owner of an undivided interest therein, replevin therefor will not lie. Wells on Replevin, § 154; Shinn on Replevin, § 206; Cobbey on Replevin (2d Ed.) § 238; *Sharp v. Johnson*, 38 Or. 246, 63 Pac. 485, 84 Am. St. Rep. 788; *Hoeffer v. Agee et al.*, 9 Colo. App. 189, 47 Pac. 973; *Schwarz et al. v. Lee Gon et al.*, 46 Or. 219, 80 Pac. 110; *Moseley v. Cheatham*, 62 Ark. 133, 34 S. W. 543; *Hart v. Morton*, 44 Ark. 447; *Usry v. Rainwater*, 40 Ga. 328; 24 Am. & Eng. Enc. of Law, 492. An exception to this rule, however, is made by some authorities where the property sought to be replevined consists of a part of a large mass of the same nature and quality, such as wheat in an elevator, corn in a crib, etc., easily divisible into aliquot parts. 2 Cobbey, Rep. (2d Ed.) § 400. But this rule can find no application in this case, for the reason that the proof shows the corn was on the stalk in a large field, of unequal yield in spots and being devoured by cattle and hogs. Plaintiff's interest, therefore, was almost impossible of identification and seizure under the writ, and of separation from defendant's interest in the mass, without loss or injury to one or the other of these contending parties.

The judgment of the trial court is affirmed.

All the Justices concur.