### 10579.   SOLOMON *v.* RAY.

1. Where personal property is sold under a conditional contract of sale and a series of notes is given for the purchase-price, each containing a reservation of title until payment of the entire purchase-price, and each properly executed and attested, and the last one, referring to the other notes of the series and containing all of the stipulations as to the conditions of the sale, is duly recorded, the title to the property remains in the vendor until full payment of the purchase-money.

2. Where two persons sign such notes as purchasers, but one of them fails to pay any of the purchase-money, a purchaser of the property from the one who has paid nothing would acquire no equity as against the original vendor.

3. There being no evidence to sustain the plea of set-off or recoupment, the verdict allowing the defendant $150 as against the plaintiff, the original vendor, must be set aside; and therefore the judgment of the lower court is affirmed with direction that the $150 found in favor of the defendant be written off.

DECIDED NOVEMBER 19, 1919.

Trover; from city court of Floyd county—Judge Nunnally. April 24, 1919.

*Denny & Wright,* for plaintiff.   *Nathan Harris,* for defendant.

SMITH, J.   This is a bail-trover proceeding to recover a described automobile.  The plaintiff sold the machine in question to either William Jackson or R. E. Banks; the evidence is in conflict as to which one was the real purchaser.   However, both Jackson and Banks signed six promissory notes covering part of the purchase-price of the car.   The notes retained title to the car, and the last one was duly recorded.   Two of the notes were paid by Banks, who also made a cash payment on the car at the time it was purchased. There is absolutely no evidence whatever that Jackson ever paid anything on the purchase-price of the car.   Jackson sold the car to the defendant Ray, and this suit was brought by the original vendor, to recover it.   The defendant failed to make bond, and the plaintiff gave bond and took possession of the property.   The defendant in his plea sought to recoup an amount alleged to have been paid by Jackson upon the purchase-price of the car.   The

case went to trial and the jury returned a verdict in favor of the plaintiff for the car, and in favor of the defendant for $150. The plaintiff, being dissatisfied with the verdict in favor of the defendant for $150, made a motion for a new trial, which was overruled, and he excepted.

The whole theory of the defendant's right to a recovery rests upon an equitable doctrine established by the Supreme Court in the case of Hays v. Jordan, 85 Ga. 741 (11 S. E. 833, 9 L. R. A. 373), wherein it was held that a recovery on the part of a vendee in such contracts was purely an equitable right; the court stating that the trial court had the power to mold a verdict and judgment in order to do justice in the cause. It cannot be said that the verdict in the instant case, allowing the defendant to recoup of the plaintiff $150, was an equitable finding, since the defendant, who was the vendee of Jackson, could occupy no better legal position than his vendor, who, the undisputed evidence shows, had never paid anything on the purchase-price of the car.

Applying, therefore, the equitable doctrine which the defendant himself invoked, the finding in his favor of $150 must be set aside; and it is directed that this amount be written off the verdict and judgment.

*Judgment affirmed, with direction. Jenkins, P. J., and Stephens, J., concur.*