Maddox & Doyal, contra.

---

10551.　MORROW v. YOUNG.

LUKE, J. Under the facts of the case as disclosed by the pleadings, the court did not err in dismissing the amended petition, on general demurrer.

　　　　Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.
　　　　　　　　DECIDED JANUARY 6, 1920.

Trover; from Dougherty superior court—Judge Harrell. March 26, 1919.

Application for certiorari was denied by the Supreme Court.

The petition of Walter Morrow against E. B. Young, as amended, alleges, in substance: The said Young is in possession of certain property described, located at 405 North Washington street, Albany, Georgia, in the building formerly occupied by M. S. Woods, trading as Albany Ice Cream Company. The description

given includes an itemized list of machinery, fixtures, supplies, and other property. The property described "is the same property a one-half undivided interest in which Walter Morrow sold to M. S. Woods on June 25, 1914, the other one-half interest being owned at that time by M. S. Woods. All of said property, prior to said sale, had been used by the said Walter Morrow and the said M. S. Woods in the operation of a business known as the Albany Ice Cream Company, at 405 North Washington street, Albany, Georgia, and the same was used by M. S. Woods, doing business in the same name—Albany Ice Cream Company—at the same place from June 25, 1914, until the date he was adjudicated a bankrupt in October, 1917." The said sale of the undivided half interest of Morrow to Woods is evidenced by a contract and retention-of-title notes, dated July 25, 1914, and duly recorded on the same day, copies of which are attached to the petition. The contract recites, in substance, that the parties entered into a contract on September 7, 1912, in which it was agreed that Morrow was to purchase an undivided half interest in the Albany Ice Cream Company from Woods, who was the sole owner of the said company at that time, Morrow agreeing to pay Woods $6,-883.58, and paying $2,000 of this sum in cash, the remainder to be paid on or before December 1, 1914, with interest; that Morrow is desirous of selling his undivided half interest back to Woods, and it is therefore agreed that Woods shall pay to Morrow the amount he has invested in said Albany Ice Cream Company—$5,-920—for Morrow's undivided half interest "in said Albany Ice Cream Company, including all property, machinery, merchandise, books of account, of every kind and description, connected with and belonging to said ice-cream business," $2,000 of said amount to be paid in cash, and the remainder to be evidenced by retention-of-title notes for stated sums due on given dates in 1914, 1915, 1916, and 1917; that the contract of September 12, 1912, mentioned above, is hereby cancelled and Morrow is relieved from paying to Woods the balance due under that contract. The notes referred to state that they are given for the purchase-money of an undivided half interest "in the Albany Ice Cream Company this day sold me by the payee, Walter Morrow," and that the title to said property is to remain in the payee until payment of the notes.

The petition further alleges: "After the said Woods was ad-

judicated a bankrupt, in October, 1917, Guy O. Buckner, as trustee for said bankrupt, advertised all of said property for sale, and refused to recognize petitioner's right, title, or claim to an interest in the same. Petitioner was present at said sale, which occurred on the 8th day of November, 1917, and announced at said sale that he had a retention of title to a half interest in said property as security for the balance of the purchase-money due him for his interest, and that any one purchasing said property would do so subject to petitioner's interest. Despite this, said trustee announced that he was selling the entire interest in said Albany Ice Cream Company, free of petitioner's rights; which petitioner then and there denied and still denies." "The said E. B. Young, the defendant in this case, bid in said property at said sale and took exclusive possession and control of the same, and denied that . . petitioner had any right or interest in the same, and refused to deliver to . . petitioner any interest in said property, or to recognize petitioner's rights to the same, though demand was made on him so to do prior to the institution of this suit." The first two of said retention-of-title notes were paid by said Wood and delivered to him, and the last two of said notes, amounting to $2,420, with interest thereon, less certain credits shown on the notes, represent the amount of petitioner's claim, for which he holds said retention of title as an assurance of payment. "Petitioner claims title to a one-half undivided interest in all of said property described above, and alleges that his said interest in the same is of the value of $2,875." Defendant refuses to deliver to petitioner a one-half undivided interest in said property, or recognize the validity of petitioner's claim for the same, or pay him the profits thereof, though demand has been made on him so to do. The yearly value or hire of said property is $230. Wherefore petitioner prays process, etc.

The defendant demurred to the petition generally, and demurred specially to the description of the property as being too indefinite and uncertain. The court sustained the general demurrer and dismissed the petition, and the plaintiff excepted.

In the brief of counsel for the defendant it was contended: (1) that trover would not lie to recover an undivided interest in specific property incapable of division in kind, where a court of bankruptcy had custody of the res and jurisdiction to administer

on it; (2) that in the retention-of-title paper the plaintiff did not retain title to any specific property, and therefore could not maintain trover for specific property; and (3) that the description in the retention-of-title paper is too indefinite, and is void because of uncertainty; and the plaintiff can not maintain trover based on such an uncertain description as against the purchaser from a trustee in bankruptcy having the rights of a judgment creditor.

*R. J. Bacon, W. G. Martin, D. H. Redfearn,* for plaintiff, cited: 137 *Ga.* 154; 141 *Ga.* 313; 147 *Ga.* 27; 24 *Ga. App.* 474; 120 *Ga.* 880; 132 *Ga.* 516; 137 *Ga.* 324; 94 *Ga.* 27.

*Pottle & Hofmayer,* for defendant, cited: 222 U. S. 300; 211 U. S. 562; 42 Am. Bkr. R. 232; 20 Am. Bkr. R. 573; 8 *Ga. App.* 262 (1); 7 *Ga.* 530; Collier, Bkr. (11th ed.) 716; 30 Cyc. 458, 605; 51 *Ga.* 372 (1); 138 *Ga.* 568-9; 101 *Ga.* 136; 43 *Ga.* 325; 40 *Ga.* 328; 77 *Ga.* 536; 84 *Ga.* 294; 124 *Ga.* 669; 144 *Ga.* 375; 19 *Ga. App.* 69 (2), and cit.; 20 *Ga. App.* 49, 52.