## SMITH v. GOODING.

No. 13896—Opinion Filed Sept. 16, 1924.

1. **Replevin — Bill of Particulars — Sufficiency.**

A bill of particulars that alleges that plaintiff is the owner of and entitled to the immediate possession of certain farm products, which the defendant unlawfully detains from him, and describes the property as follows: "57 bushels of oats 30c per bushel, value $17.10; 58 bushels of wheat 90c per bushel, value $52; one-third of the straw threshed from all oats and wheat on defendant's farm, value $12; and one-third of all corn on defendant's farm, north of a certain creek, being about 7 acres, and the value of the one-third being $35; all of aggregate and actual value of $116.30," is good against a general demurrer.

2. **Appeal and Error—Change of Theory on Appeal.**

Where the cause is tried on the theory of landlord and tenant, the theory of cotenancy will not be permitted and considered on appeal.

3. **Judgment Sustained.**

The evidence examined, and held sufficient to sustain the order of the court overruling demurrer to the evidence and to support the verdict of the jury and judgment of the court.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Delaware County; A. C. Brewster, Judge.

Action by R. M. Gooding against J. B. Smith to recover specific personal property. Judgment for plaintiff, and defendant appealed. Affirmed.

E. B. Hunt and E. H. Beauchamp, for plaintiff in error.

Ira A. Miller and J. W. Miller, for defendant in error.

Opinion by THREADGILL, C. Defendant in error, hereinafter called plaintiff, commenced this action against plaintiff in error, hereinafter called defendant, on September 14, 1921, by filing a bill of particulars in justice of peace court and causing a summons to be issued and served on defendant. The action was in replevin and the bill of particulars, omitting formal parts, stated as follows:

"Comes now the plaintiff and for cause of action against the defendant above named alleges and states:

"That plaintiff is the owner of the following described and valued property, to wit: 57 bushels of oats at 30c per bushel, valued at $17.10; 58 bushels of wheat, 90c per bushel, valued at $52; one-third of the straw threshed from all oats and wheat on J. B. Smith farm, valued at —12; and one-third of all corn on J. B. Smith farm north of Creek, being worth about —35; all of the aggregate and actual value of —$116.30.

"That plaintiff is entitled to the immediate possession of said property; that said property is wrongfully detained from said plaintiff by said defendant, J. B. Smith; and that said property was not taken in execution on any order or judgment against said plaintiff, or for payment of any tax, fine or amercement assessed against said plaintiff, or by virtue of any order issued on replevin or any other mesne or final process.

"The above crop is share due as rentals in above described J. B. Smith land.

"The plaintiff demanded possession of said property from defendant and offered to pay defendant any and all labor debts which there might be against said property before bringing this suit, and is now willing to pay any and all labor debts which the court may find is against said property. That defendant refused to deliver said property or to state what he was holding it for. That plaintiff believes there is due defendant the sum of $5 paid by defendant for shocking part of said wheat and oats, and one day's work in plowing said corn, reasonably worth $1.50, making a total of $6.50 which plaintiff tenders to defendant in court.

"That defendant has and now holds said property by force to the damage of plaintiff, and ordered plaintiff to stay away at the time said wheat and oats were threshed to the damage of said property. That before said wheat and oats were threshed defendant damaged them by pasturing them in the stack. That defendant has been and is now damaging said corn by pasturing same. That by defendant's wrongfully withholding said property from plaintiff as aforesaid plaintiff has been damaged in the sum of $100.

"Wherefore, premises considered plaintiff prays that defendant be allowed $6.50 for labor as aforesaid, and that plaintiff have judgment against defendant for possession of said oats, wheat, straw and corn, the same being as follows, to wit:

"57 bushels of oats, 58 bushels of wheat, one-third of the straw threshed from all wheat and oats on J. B. Smith farm, and one-third of all corn on J. B. Smith farm north of Creek; and damages against defendant in the sum of $100 and for all costs of this suit, and for all other relief which the court may deem just and proper."

Plaintiff made affidavit and gave bond, and the officer took possession of the property, under the writ, and after failure of defendant to execute redelivery bond the officer delivered the property to plaintiff.

Defendant filed a demurrer to the bill of particulars and as grounds for same stated as follows:

"1. That plaintiff's bill of particulars is insufficient and fails to state a cause of action. 2. That said bill of particulars shows on its face that plaintiff has no right to maintain an action in replevin. 3. That this court is without jurisdiction to hear and determine the issues herein."

This demurrer was overruled and defendant filed an answer consisting of a general denial and pleading affirmatively as follows:

"Second. Defendant admits that Bud Baldwin attempted to plant and did partly plant a crop on the premises of the defendant but says: That some time in the month of June, 1921, that Baldwin forfeited his rental contract by leaving said crop before the corn had matured, and left his wheat standing in the field and that defendant was compelled, in order to protect his interest, to reenter and take possession of said crop and have the same cultivated and harvested, at the instance and expense of defendant, and that said expense amounted to more than the worth of the crop, together with such other indebtedness as the said Baldwin had incurred in doing such work in the crop as he had already done, and which was a lien on said crop. An itemized statement of said indebtedness for labor performed, threshing, board, etc., is hereto attached and made a part of this bill of particulars and marked defendants Exhibit 'A.'

"Wherefore defendant prays that the plaintiff have and recover nothing by reason of this suit, and that defendant have his cost and for all other reliefs, which is right and proper, under the law, and for $50 damages caused by plaintiff in bringing this suit."

There was an itemized statement of expenses verified and attached to this answer. The itemized statement amounts to $125.45.

The plaintiff filed a reply consisting of a general denial and further stated as follows:

"Plaintiff further states that defendant knew that the crops were transferred to plaintiff and stated that he was willing for plaintiff to purchase the crop, and stated that all there was against it was the items pleaded by plaintiff, in this bill of particulars, and that he is now estopped from claiming any other items and that plaintiff relied on these statements when he purchased the crop.

"Wherefore plaintiff prays that he be granted relief asked for."

The issues were tried in the justice court, resulting in a judgment in favor of plaintiff, and the defendant appealed to the district court.

Defendant's demurrer was overruled by the district court and the cause was tried to a jury May 17, 1922, and resulted in a judgment in favor of plaintiff, and defendant appealed by petition in error and case-made to this court, alleging four assignments of error, as follows:

"1. The court erred in overruling the demurrer to plaintiff's bill of particulars. 2. The court erred in admitting incompetent testimony at the trial and excepted to at the time by the defendant. 3. The court erred in overruling the demurrer of defendant to the testimony of plaintiff in the conclusion of plaintiff's case. 4. The court erred in overruling the defendant's motion for a new trial as shown by the record."

1. Defendant contends that his demurrer to the bill of particulars should have been sustained for the reason the plaintiff sought to replevy an undivided interest in growing corn or corn on the stalk in the field, citing the case of McDonald v. Bailey, 25 Okla. 849, 107 Pac. 523.

This was a case where the plaintiff sought to replevin one-half of a crop of corn, growing on a large tract of land, and the evidence showed that the interest claimed was an undivided one-half interest, and the court stated the general rule, in such cases, that replevin would not lie, and also stated the exception, 2 Cobbey, Rep. (2nd Ed.) sec. 400, to the effect that some authorities hold, "where the property sought to be replevied consists of a part of a large mass of the same nature and quality such as wheat in an elevator, corn in a crib, etc., easily divisible into aliquot parts," the action would lie.

The court said this exception was not applicable to the case, "for the reason that the proof shows the corn to be on the stalk in a large field of an unequal yield in spots and being devoured by cattle and hogs. Plaintiff's interest, therefore, was almost impossible of identification and seizure under the writ of separation from defendant's interest, in the mass, without loss or injury to one or the other of these contending parties."

There is nothing in the bill of particulars in the case at bar, to show that a division of the corn, on the seven acres mentioned, was impracticable, and the demurrer to the bill of particulars must stand or fall according to the facts alleged. The defendant does not urge the demurrer as to the other items sought to be replevied, and we think the item complained of was good against the demurrer under the rule in Cobbey, above referred to, and the court was right in overruling the demurrer to the bill of particulars.

2. Defendant states in his brief "that Gooding had no better right to the possession of the grain sought to be replevied than did Bud Baldwin, the tenant of defendant, Smith, and Baldwin could not have maintained replevin against Smith if he had fulfilled his contract and had Smith refused to divide the crops, his remedy would have been by suit in equity," citing the following cases; Angell v. Eager, 6 N. D. 391, 71 N. W. 547; De Mott v. Hagerman, 8 Cow. 220; St. Johns v. Stranding, 2 Johns. 468; Kline v. Kline, 49 Mich. 420. 13 N. W. 800; Boom v. St. Paul Co., 33 Minn. 253, 22 N. W. 538; Ingalls v. Ferguson, 138 Mo. 358, 39 S. W. 801.

—and concludes that, in the light of all these authorities, Smith and Baldwin were tenants in common and that Baldwin nor Smith could have maintained replevin against each other for any part of the crop and that Gooding had no greater rights than Baldwin.

On the same page, in his brief, and near the end of the paragraph of the above contention, he argues that Bud Baldwin did not sell or authorize a sale of his interest in the crops if he had any interest, and then he states that, whatever rights he had he lost at the time he abandoned the crops. These two positions are untenable. Baldwin could not be a cotenant and at the same time have no interest. We do not think the record shows any contention of cotenancy. Defendant's answer does not raise any issue as to cotenancy. The answer is on the theory of a rental contract between the defendant and Baldwin and all rights of Baldwin forfeited and defendant's work and expenses in cultivating the

crop and gathering same, amounting in value to more than the crop was worth. This was the theory of the defendant in the trial of the case, and this theory must be adhered to on appeal, and the contention of cotenancy and authorities cited in support thereof are not applicable to the case.

3. In the next place, defendant contends that the court erred in overruling his demurrer to the evidence. In discussing this point, the defendant does not take the pains to point out wherein the evidence of plaintiff failed. There was an issue as to plaintiff's title, but defendant does not point out in his brief where the evidence failed to prove the title, but contents himself with general statements, such as Baldwin had nothing to sell, his wife was not his agent, there is no agency shown, Gooding had no title to said crops, etc., but in no particular does the brief point out the failure of the evidence nor is there any substantial compliance with rule 26 of this court in giving an abstract of the record.

We have taken the time to read the entire record of the case and we think the evidence sufficient to go to the jury, under the instructions given by the court, for them to determine from the words and acts of the parties as to whether or not plaintiff had title to the property in controversy and right to possession of the same. We are persuaded that the demurrer to the evidence was properly overruled. The defendant does not discuss the other assignments and we consider them abandoned. The judgment of the trial court should be affirmed.

By the Court: It is so ordered.